## Arnold Tripp et al. v. Mary E. O'Brien et al.

1. INJUNCTIONS—*Building Lines.*—An injunction will lie to restrain an owner of a lot, bought by him subject to a building line agreement made by former owners, from building thereon in violation of the agreement.

2. BUILDING LINES—*Violation of—Estoppel.*—The fact that a person's neighbors have erected front steps and other ornamental projections of houses over the building line, does not justify such person or estop them to question his act in erecting the front wall of his house several feet over the line.

3. WAGERS—*On Decisions of Courts.*—A wager upon the decision of a court of last resort is staked upon an uncertain event.

Memorandum.—Appeal from an order granting an injunction entered by the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 28, 1895.

B. M. SHAFFNER, attorney for appellants.

•

APPELLEES' BRIEF, CHYTRAUS & DENEEN, ATTORNEYS.

Where a reservation has been made by agreement between original owners, a purchaser with notice takes subject to the reservation. An equitable servitude arises. Pomeroy's

Equity Jurisprudence (2d Ed.), Sec. 1295; Washburn on Easements (4th Ed.), 112 *et seq.;* Eckhart v. Irons, 128 Ill. 568; Cole v. Sims, 23 Law Jour., Chy., 258.

Pomeroy, in his work on Equity Jurisprudence, Sec. 1342, speaking of these restrictive covenants and agreements in deeds, and of their being specifically enforced by injunction not only between the immediate parties to the deeds, but also between remote grantees, says:

"The injunction in this class of cases is granted almost as a matter of course, upon a breach of the covenant." * * * "The fact that plaintiff has sustained any pecuniary damages, is wholly immaterial." And further quoting, as he says, one of the ablest of modern equity judges, "It is not for the court, but the plaintiffs, to estimate the damages that arise from the injury inflicted upon them."

To the same effect: Lord Manners v. Johnson, 1 Law Reports, Chan. Div., 673.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant bought a lot on a short street, subject to a building line agreement made by the previous owners of all the. property on both sides of the street, and proceeded to build in violation of the agreement. His neighbors procured an injunction, from the order granting which, this appeal was taken. His defense is, who begun it?

The majority of this court are of opinion that front steps over the building line, and ornamental projections pertaining to the houses of his neighbors, do not justify or estop them to question his act in erecting the front wall of his house several feet over the line.

The order is therefore affirmed. But if it were reversed he could not prudently proceed with his building, for if on a final decree by the court of last resort it should be held that he was wrong, he might be compelled to take down that part of his house. Bispham's Eq., Sec. 404.

And a wager upon the decision of a court of last resort is staked upon an uncertain event. Jones v. Randall, 1 Cowper, 37.

Order affirmed.