[L. A. No. 718.    Department One.—April 4, 1900.]

# ALBERT H. QUATMAN, Respondent, v. RICHARD H. Mc-CRAY, Appellant. ·

DEED—CONDITION AS TO COST OF DWELLING—REMOVAL OF IMPROPER DWELLING TO LOT—BREACH OF PROMISE TO IMPROVE.—An express condition in a deed of several lots that any building to be used as a dwelling-house erected upon the premises within two years should cost not less than twelve hundred dollars, is broken by the removal to one of the lots, before the execution of the deed, with knowledge of its proposed condition, of a small, unsightly dwelling of no greater value than four hundred dollars, without the consent of the grantor, and under promise, after objection by the grantor, that he would improve the building so as to make it worth twelve hundred dollars, and by maintaining the same after the execution of the deed without further improvement, in breach of such promise.

ID.—"ERECTION" AND "MOVING" OF BUILDING—"PLACING UPON" LOT —PLEADING—CONSTRUCTION OF DEED BY PARTIES.—In view of the facts accompanying the moving of the improper building upon the lot, and the construction placed upon the deed by both parties, it cannot be maintained that the "erection" of the building upon the lot was substantially different from the "moving" of a building thereupon; and a complaint averring that such building was "placed upon" a certain lot, "without the consent of the plaintiff," etc., sufficiently states that it was "erected" thereupon, as against a general demurrer.

ID.—CONVEYANCE OF DISTINCT LOTS—TWO SETS OF ADJOINING LOTS— LOCATION OF BUILDING "UPON LOT"—FORFEITURE LIMITED TO SINGLE LOT.—In a conveyance of four distinct lots, containing nevertheless two distinct sets of adjacent lots, where it was conditioned "that any building to be used as a dwelling-house erected upon these premises within two years shall cost not less than twelve hundred dollars, and shall be located not less than twenty feet from front line of said lot," and where there is nothing in the deed expressly providing for a forfeiture of any other lot than that upon which the building of less cost is placed and maintained, in breach of the condition, the forfeiture is to be deemed limited to that particular lot, and not to include the lot adjacent thereto.

ID.—CONSTRUCTION OF DEED—CONDITION APPLICABLE TO EACH LOT.—The deed is to be construed as intending that the condition should apply to each lot conveyed, the same as if there had been four separate deeds of the separate lots, each containing the same condition set forth in the. deed.

ID.—FORFEITURES NOT FAVORED—INTERPRETATION TO AVOID FORFEITURE.—
Forfeitures are not favored by the courts; and, if an agree-
ment can be reasonably interpreted so as to avoid a forfeiture,
it is the duty of the court to avoid it. The burden is upon
the party claiming a forfeiture to show that such was the un-
mistakable intention of the instrument.

ID.—RECONVEYANCE OF LOT FORFEITED.—In an action to have the title
to land adjudged forfeited for breach of condition subsequent,
the court is authorized, under section 1109 of the Civil Code, to
direct a reconveyance of the lot of land forfeited by the grantee
to the grantor.

ID.—WAIVER OF CONDITION—DELIVERY OF DEED—ACCEPTANCE OF NOTES
AND MORTGAGE—COLLECTION OF INTEREST BY ASSIGNEE.—The delivery
of the deed and the acceptance of notes and a mortgage upon the
lots conveyed for the purchase money, under the facts of this
case, could not operate as a waiver of the performance of the
condition subsequent promised by the defendant and relied upon
and insisted upon by the plaintiff, and which the defendant had
the right thereafter to comply with within the period allowed
by the deed for its performance. The subsequent collection of
interest on the notes and mortgage by a bank, which was the
assignee of the plaintiff, could not operate as a waiver of the
condition on the part of the plaintiff.

ID.—CONDITION RUNNING WITH TITLE—SUBSEQUENT DEED—NOTICE—RE-
CITAL.—A condition subsequent in a deed is attached to the title, and
runs with it as against the grantee of a subsequent deed, who
has constructive notice by the record of the deed, or actual
notice that his title would be subject to the condition. It is im-
material that the subsequent deed does not recite the condition
contained in the deed to the grantor.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial. Lu-
cien Shaw, Judge.

The prayer of the complaint was that the defendant be com-
pelled to reconvey the lots 16 and 17 to the plaintiff, and that
the defendant be adjudged to have no right therein, and that
plaintiff have possession of the premises; and the judgment
awarded the relief prayed for. Further facts are stated in the
opinion.

Curtis D. Wilbur, and E. B. Carrier, for Appellant.

The complaint states no cause of action. It does not allege
that any building was erected on any lot in violation of the
condition. The condition is "any building . . . . erected."

The breach alleged is that a building was placed on the premises. These are not synonymous terms. (Century Dictionary, tit. "Erect," "Place.") The removal of a building from one place to another is not the erection of a building. (*Brown v. Hunn,* 27 Conn. 332; 71 Am. Dec. 71; *Trask v. Searle,* 121 Mass. 229; *Eaton v. Malatesta,* 92 Cal. 75.) Conditions involving forfeitures and penalties are to be strictly interpreted against the party for whose benefit they are created. (Civ. Code, secs. 1069, 1442; *Randol v. Scott,* 110 Cal. 590; *Alexander v. Jackson,* 92 Cal. 522; 27 Am. St. Rep. 158; *Sauer v. Meyer,* 87 Cal. 34; *Cleary v. Folger,* 84 Cal. 316; 18 Am. St. Rep. 187; *Davidson v. Perry,* 79 Cal. 105; *Belcher etc. Co. v. Deferrari,* 62 Cal. 160.) An entire condition cannot be apportioned. (*Hasbrook v. Paddock,* 1 Barb. 635; 13 Am. & Eng. Ency. of Law, p. 780, par. 8.) If the breach of the condition was not confined to the single lot on which the building was erected, it was error to confine it to two lots. The entire estate ought not to be deemed forfeited. (*Hoyt v. Kimball,* 49 N. H. 322.) The forfeiture was waived by the conduct of the plaintiff. Dispensing with the condition and substituting something else is a waiver of the condition. (13 Am. & Eng. Ency. of Law, 779; *Sharon Iron Co. v. Erie,* 41 Pa. St. 341; 2 Washburn on Real Property, 21; 1 Washburn on Real Property, 515; *McGlynn v. Moore,* 25 Cal. 394.) The contract should be construed as containing a covenant rather than a condition. (4 Kent's Commentaries, 130; *Board of Education v. Trustees of First Baptist Church,* 63 Ill. 204; *Post v. Weil,* 115 N. Y. 361; 12 Am. St. Rep. 809; *Cassidy v. Mason,* 171 Mass. 507; *Ecroyd v. Coggeshall,* 21 R. I. 1; 41 Atl. Rep. 260; *Ashland v. Greiner,* 58 Ohio St. 67; *Kirkpatrick v. Peshine,* 24 N. J. Eq. 206.)

Clarence A. Miller, for Respondent.

The complaint was sufficient. The "placing" of any structure on a lot of less value is a breach of a condition against erecting a structure not less than a specified cost. (*Blakemore v. Stanley,* 159 Mass. 6.) Any substantial violation of a condition subsequent as to the erection of buildings on a lot is ground of forfeiture. (*Parker v. Nightingale,* 6 Allen, 341; 83 Am. Dec. 632; *Wood v. Cooper* (1894), 3 L. R. Ch. Div. 671;

*Gillis v. Bailey,* 21 N. H. 149; *Dorr v. Harrahan,* 101 Mass. 531; 3 Am. Rep. 398; *Jackson v. Topping,* 1 Wend. 388; 19 Am. Dec. 515.) There was no waiver of the condition subsequent, but its performance was insisted upon by the plaintiff. Plaintiff was entitled to the relief given for breach of the condition. (Civ. Code, sec. 1109; *Weisenberg v. Truman,* 58 Cal. 63, reappearing as *Schlessinger v. Mallard,* 70 Cal. 326; note to *Cross v. Carson,* 44 Am. Dec. 751; *Sperry v. Pond,* 5 Ohio, 387; 24 Am. Dec. 296; *Liebrand v. Otto,* 56 Cal. 242; *Wolverton v. Baker,* 86 Cal. 591; *Parsons v. Smilie,* 97 Cal. 647; *Klauber v. San Diego Street-car Co.,* 95 Cal. 354.)

CHIPMAN, C.—Action to have the title to certain real property adjudged forfeited on the ground that a building condition in the deed had been broken. Plaintiff had judgment, from which and from an order denying his motion for a new trial defendant appeals.

The findings set forth a series of facts leading up to the sale by plaintiff to defendant of certain four lots in Menlo Park tract, Los Angeles county, among which were lots 16 and 17 in block D. The action is to have these two lots declared forfeited for violation of the following condition in the deed: "And this conveyance is made upon the following express condition, viz., that any building to be used as a dwelling-house, erected upon these premises within two years, shall cost not less than twelve hundred dollars, and shall be located not less than twenty feet from front line of said lot." The evidence showed, and the finding is, that defendant moved a small and unsightly building, of no greater value than four hundred dollars, from another tract of land in Los Angeles and placed it wholly upon lot 16 under circumstances such as, in our opinion, justified the court in finding that there was a breach of the condition.

1. Appellant claims that no breach of the condition was proved because the building was moved upon lot 16, and was not therefore erected on it. Cases are cited and also the Civil Code, sections 1069 and 1442, to show that forfeitures are not favored, and that conditions involving forfeiture and penalties are to be strictly construed against the party for whose benefit they are created; and it is claimed that the word "erect" has

a different meaning than the words "placed upon." The point was made by general demurrer to the complaint, in which the allegation was that defendant "placed upon the said lot 16, without the consent of plaintiff, a building," etc.; and the point was also made by objection to the evidence and by motion for nonsuit. We do not feel called upon to discuss the distinction, if there be any, between the terms "erected" and "placed upon," as the former was used in the deed and the latter in the complaint and in the evidence. It clearly appeared that all parties understood the word "erected" to include the removal of a building to and placing it upon the premises, and they acted on that construction of the deed. Having so understood the condition, their interpretation of it should be given effect by us. As against a general demurrer, we think the terms "placed upon" were a sufficient statement that the building was "erected," and the demurrer was properly overruled.

2. Appellant claims that the court erred in forfeiting both the lots 16 and 17 and should have confined the decree to lot 16 on which the building was placed. The finding is that lots 16 and 17 in block D "were adjoining each other and constituted a single tract of land."

It was stated in *Lammot v. Bowly*, 6 Har. & J. 500, that "it is at all times the anxious wish of a court of chancery to relieve against forfeitures and penalties where the principles of justice and equity do not forbid." This court said in *Cleary v. Folger*, 84 Cal. 316, 18 Am. St. Rep. 187: "Forfeitures, as such, are not favored by the courts, and are never enforced if they are couched in ambiguous terms." If the clause of the deed read so that it clearly appeared to be the intention of the parties that to build upon any one of the lots in violation of the condition it should work a forfeiture not only of that lot but all the other lots, a different case would be presented. But the burden is upon the party claiming the forfeiture to show that such was the unmistakable intention of the instrument. If the agreement can be reasonably interpreted so as to avoid the forfeiture, it is our duty to do so. The deed here described lots 16 and 17 in block B, and lots 4 and 5, block F. The words "these premises," used in the deed, refer as clearly to the lots in block F as those in block D. But it would not be a reasonable con-

struction of the condition, much less a strict construction, to hold that all these lots were to be forfeited if the condition should be broken as to one of them. To do this would involve the injustice of holding that if defendant had on lots 4 and 5, block F, and lot 17, block D, erected buildings of value each more than twelve hundred dollars, but had violated the condition as to lot 16, as he did, the forfeiture would take from him all the lots as to which he had kept his agreement. Then, too, it would require us to hold that all the lots other than lot 16 could not afterward be built upon by defendant in compliance with the condition. Such a construction would be justified only by the clearest language compelling it. It will be observed that the condition only held good for two years, and did not place any restriction upon the value of a dwelling erected thereafter. But respondent's interpretation would cut off this privilege by a forfeiture of all the lots because of a violation of the condition as to one of them. The condition required "that any building to be used as a dwelling-house . . . . shall be located not less than twenty feet from the front line of said lot." This clause must refer to each one of these lots, and not to the front line of "these premises" as one tract, for the lots were in different blocks and had different front lines. It appeared by the evidence that the subdivision known as Menlo Park tract consisted of building lots, and this condition was inserted in the deed of each lot sold. There is nothing in the evidence to show that lots 16 and 17 are so situated as to make the enjoyment of the dwelling on lot 16 necessarily to depend in any way upon lot 17. The two lots are separate and distinct and may be apportioned without doing violence to rules laid down on that subject, where the deed relates to one particular tract, described as a whole or entire tract. We are satisfied that the intention of the parties was that the condition should apply to each lot just as it would have done if defendant had taken four separate deeds, each containing the condition. The case is one where the parties have failed to make clear any intention to forfeit any lot except the one upon which the dwelling might be erected, and the court is asked to place a just limit upon the extent of the forfeiture. We think the case is clearly one where justice and

equity forbid the forfeiture beyond the lot on which the dwelling was placed. The relief as to lot 16 is authorized by section 1109 of the Civil Code. (See *Liebrand v. Otto,* 56 Cal. 242; *Wolverton v. Baker,* 86 Cal. 591; *Parsons v. Smilie,* 97 Cal. 647; *Klauber v. San Diego Street-car Co.,* 95 Cal. 353.)

3. The court finds against the defendant upon that part of his answer alleging facts as constituting a waiver of the condition broken, and the evidence is sufficient to justify the finding.

Appellant claims, with much confidence, that the delivery of the deed and the acceptance of notes and a mortgage for the unpaid purchase money after plaintiff, by his agents, knew the building did not comply with the condition was a waiver of the condition, and it is urged that respondent's remedy for this breach was for damages or a rescission of the deed. As further evidence of waiver it is claimed that Easton, Eldridge & Co. at the time the deed was given settled with appellant for a balance due him on a certain contract for street work, which balance was, by an agreement entered into between them, to be received as part payment for these lots. It appears that on June 11, 1896, appellant and Easton, Eldridge & Co. entered into a written agreement whereby appellant and one Ward agreed to do certain street work at a stated price; Ward assigned his interest in the contract to appellant. In consideration of the agreement appellant agreed to purchase certain six lots, among them the four above described, and to pay one-fourth in cash and to execute his notes and mortgages for the balance. This contract made no mention of any condition to be placed in the deed, but the evidence is that defendant was told that any deed given under the contract would contain the condition in question, and he so understood and acted upon the contract. When the deed was delivered to appellant, in March, 1897, he executed a note and mortgage to cover the amount unpaid on each lot separately, but took the deed covering all the lots. Just how the account was adjusted under the contract for the street work, and the balance due on the lots was ascertained, does not appear, and we do not see that it is material, since there is no evidence that plaintiff had anything to do with the contract for street work. In giving the deed and receiving the notes and mortgages the transaction

ended, so far as respondent was to do anything. It also appears that when the deed was given appellant had then placed upon lot 16 the building complained of. Before he moved it to the lot, however, respondent, through his agents, objected to its being placed there, and at the time the deed was delivered appellant was told that the building did not conform to the condition in the deed, and it was delivered upon the promise of appellant, relied upon by respondent, that he, appellant, intended to so improve the building as to make it conform to the condition and would do so. This was a condition subsequent, and the parties might well have closed the transaction by delivery of the deed relying upon defendant's promise. Shortly after the notes and mortgages were delivered they were assigned to a bank and the assignment recorded, and whatever interest appellant paid thereafter was to the bank and not to respondent, and the receipt of interest by the bank could not operate as a waiver by plaintiff. After the deed was delivered plaintiff, by his agents, frequently called upon defendant to do as he had agreed and make the building comply with the condition, and as often defendant promised he would do so, until finally it became evident that he did not intend to add any further value to the house, and plaintiff made demand that the building be made to conform to the condition or be removed from the premises; and defendant still failing to do the one or the other, plaintiff demanded possession and a reconveyance of lots 16 and 17, which being refused, he brought this action December 2, 1897. We cannot see how it can be said that plaintiff waived a condition with which defendant still had the right to comply. There was no dispensing with the condition and substitution of something else as claimed by appellant; nor are the circumstances such as that an action for damages would compensate plaintiff. In point of fact, the condition was not broken until after the deed had passed; and at no time prior to its delivery, nor at its delivery, did plaintiff know that defendant would fail to keep his covenant. On the contrary, he was led to believe by defendant that the covenant would be kept, and, as defendant had the right still remaining to him of making the building conform to the condition, we cannot see that upon any principle plaintiff can be held to have waived

the condition. It is true that the deed to appellant did not contain the condition, but a deed from plaintiff to one Steele, through whom defendant claims title, did contain the condition, and defendant had knowledge of the fact by constructive notice furnished by the record as well as actual notice that his title would be subject to the condition. That the deed to defendant did not recite the condition is immaterial; the condition attached to the title by virtue of the deed to Steele.

The foregoing disposes of the questions upon which appellant mainly relies. There are some assignments of errors not noticed particularly, but we do not think they materially affect our conclusion or would justify any different result than that reached. We think the judgment is supported by the findings and the findings supported by the evidence as to lot 16, but not as to lot 17. We therefore advise that the judgment be modified by omitting therefrom lot 17, and otherwise that the judgment and the order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by omitting therefrom lot 17, and otherwise the judgment and the order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.