[L. A. No. 2642.   Department One.—June 21, 1911.]

## EMIL FIRTH, Appellant, v. MARY LENA MAROVICH et al., Respondents.

DEED—BUILDING RESTRICTIONS—MINIMUM VALUE OF BUILDING TO BE ERECTED.—A restriction in a deed, prohibiting the erection of any buildings on the land conveyed except a private residence of a specified minimum value is valid and enforceable at the suit of the grantor, so long as he continues to own any part of the tract for the benefit of which the restrictions were exacted.

ID.—CONDITION SUBSEQUENT—FORFEITURE OF ESTATE—REPUGNANCY TO GRANTING CLAUSE—RESTRAINT ON ALIENATION.—A condition subsequent in a deed, forfeiting the title to the grantor in case of a breach of such a restriction, is not repugnant to the granting clause, nor does it come within the terms of the code sections prohibiting or limiting restraints on alienation.

ID.—RESTRICTION CONSTRUED AS CONDITION NOT AS COVENANT.—A provision in a deed that the conveyance was made and the real property sold subject to the conditions "that no building whatever except a private residence with the customary outbuildings, including a private stable, shall be erected, placed, or permitted on said premises or any part thereof, and that such building shall be used as a private residence only," and shall cost a specified minimum sum, and shall be located not less than twenty feet from the front line of the lot, and that no barn or shed, or other building shall be built or located closer than ninety feet from the front line of the lot, and that any breach of such conditions, occurring after the delivery of the deed, should have the effect of forfeiting the title of the grantee and of his assigns, and the title should thereupon revert to the grantor, should be construed as a condition subsequent and not as a mere personal covenant.

ID.—BUILDING TO BE USED AS RESIDENCE—OUTBUILDINGS.—The provision that "such building shall be used as a private residence only," refers to the main building, and not to the stable or other outhouses; and the further clause that "no barn or shed or other building shall be built or located closer than ninety feet from the front line," does not permit the erection of any building, within such limits, irrespective of its cost or the use for which it was intended. The effect of the latter clause is to require outbuildings to be set back ninety feet from the street line, while the main residence building may be built at a distance of twenty feet.

ID.—OUTBUILDING DEFINED.—An "outbuilding" or "outhouse," is a building adjoining or belonging to a dwelling-house, to be used in subserviency thereto.

CLX Cal.—17

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Sheldon Borden, and George H. Kelch, for Appellant.

Haas, Garrett & Dunnigan, and R. J. Adcock, for Respondents.

SLOSS, J.—On January 21, 1907, the plaintiff conveyed to Charles Scherer lot 2 in Walnut Park in the city of Los Angeles, by a grant deed containing the following provisions: "This conveyance is made and said real property is sold subject to the following conditions:

"That no building whatever except a private residence with the customary outbuildings, including a private stable, shall be erected, placed, or permitted on said premises or any part thereof, and that such building shall be used as a private residence only, and shall cost, and be reasonably worth, not less than fifteen hundred (1500.00) dollars, and shall be located not less than twenty (20) feet from the front or street line of said lot, namely, on Vernon Avenue, and it is further agreed that no barn or shed, or other building shall be built or located closer than ninety (90) feet from the front or street line of said lot.

"That any breach of the foregoing conditions, or any of them, occurring after the delivery of this deed, shall have the effect of forfeiting the title of the grantee and his assigns, and thereupon the title to said real property shall revert to the grantor."

The deed was duly recorded. Subsequently Scherer conveyed the lot to the defendant Mary Lena Marovich. The purpose of this action is to compel a reconveyance to plaintiff, who claims that the title conveyed by him has become forfeited by breach of the condition above quoted. (Civ. Code, sec. 1109.) At the trial, the court, upon motion of defendant, granted a nonsuit, and plaintiff appeals from the resulting judgment and from an order denying his motion for a new trial.

The complaint alleges, in addition to the facts already stated, that, at the time of the conveyance to Scherer, the plaintiff was, and that he is, the owner of other lots near the one in question, that said lots are in a residence district, and that their value is affected by the character of the improvements erected in their vicinity. Before and after the sale to Scherer, it is alleged, the plaintiff made sales of some others of such lots by deeds containing conditions similar to those above set forth. These conditions were inserted pursuant to a general plan of building up said locality, and for the benefit of the lots and of purchasers thereof. At the time of the conveyance to Scherer, and of his conveyance to Marovich, there was no building upon lot 2, but shortly after defendant Mary Lena Marovich went into possession of said lot, she erected thereon, without plaintiff's consent, a building to be used and which ever since has been and now is used as a dwelling, the cost and the reasonable value whereof does not exceed eight hundred dollars. Said building is unsightly and a detriment to plaintiff's remaining lots. Upon learning of the nature and cost of said building he notified the defendant Mary Lena Marovich that it must be removed, but she has refused to comply and has persistently used said building as a dwelling. Plaintiff has also demanded a reconveyance and the possession of said lot, which demand has been refused.

The answer admits many of the allegations of the complaint. It denies that the value of other lots is affected by the character of the improvements; denies, for want of information, that plaintiff sold other lots on similar conditions, or that such conditions were inserted pursuant to a general scheme or for the benefit of the lots sold or of other lots. The answer expressly admits the erection by defendant Mary Lena Marovich of a building which cost and was worth not more than eight hundred dollars, "to be used, and which ever since has been, and now is, used, as a dwelling." (The words "to be used," in this part of the answer, were subsequently, by leave of court, stricken out, but the amendment had no effect. The allegation of the complaint that the building was erected "to be used" as a dwelling was still admitted by the failure of the defendants to deny it.) The answer also contained a plea of estoppel, which is immaterial to the discussion of the pres-

ent appeal, although it may become important upon a new trial.

The evidence introduced by plaintiff tended to support the controverted allegations of his complaint. Firth himself testified that he had bought and subdivided the tract including lot 2; that he had placed similar restrictions in conveyances of other lots in the tract; that houses are built upon two thirds of the lots of the tract, and that each of said houses (with the exception of that on lot 2), is worth at least fifteen hundred dollars. On none of the other lots is there any outbuilding worth less than fifteen hundred dollars unless there be on the same lot a residence costing fifteen hundred dollars or more.

There was testimony that the building complained of (which was admitted to be over one hundred feet back from the street line) was a one-story structure, covering a space of 24 by 26 feet, and built of rough boards, battened. It was partitioned into rooms and contained a kitchen with a sink and other conveniences. It was furnished and occupied as a residence, and had been so occupied from the time it was built until shortly before the trial, a period which, it may well be inferred from the record, was between one and two years.

In this state of the evidence, the defendants moved for a nonsuit on the ground "that there is no violation of this restriction in the deed. It has not been shown."

The motion should not have been granted. It is not open to question that building restrictions of the kind contained in the deed from plaintiff to Scherer are valid and enforceable at the suit of the grantor so long as he continues to own any part of the tract for the benefit of which the restrictions were exacted. (Quatman v. McCray, 128 Cal. 285, [60 Pac. 855]; Sanborn v. Rice, 129 Mass. 387; Evans v. Foss, 194 Mass. 513, [80 N. E. 587, 9 L. R. A. (N. S.) 1039]; Meigs v. Milligan, 177 Pa. St. 66, [35 Atl. 600]; Boyden v. Roberts, 131 Wis. 659.) A condition subsequent forfeiting the title to the grantor in case of breach is not repugnant to the granting clause, nor does it come within the terms of the code sections prohibiting or limiting restraints on alienation. The power of alienation is not restrained. The grantee, Scherer, was at perfect liberty, at all times, to convey what title he had. In fact, he has conveyed it. But his title was limited

to that of an estate subject to divestiture upon condition subsequent, and he could not enlarge this estate by conveying to a purchaser taking with notice. In view of the language of the clause providing for a forfeiture, there is no force in the respondent's contention that the clause in question should be construed as a personal covenant rather than a condition subsequent.

While restraints of this character are to be construed strictly as against the grantor (Civ. Code, sec. 1442; *Reclamation Dist. v. van Loben Sels*, 145 Cal. 181, [78 Pac. 638]), they must be enforced when a case coming clearly within their terms is shown. Upon the testimony offered by the plaintiff, a finding that the structure erected on the lot did not comply with the requirements of the condition would, at the least, have been justified. The meaning and intent of the restrictive clause is plain. The purchaser is required, if he desires to put improvements upon the lot, to erect a residence, which shall cost and be worth not less than fifteen hundred dollars. Such residence may be accompanied by the "customary outbuildings, including a private stable." There is no provision governing the cost of such outbuildings. The residence is to be not less than twenty feet from the street line. The provision that "such building shall be used as a private residence only" of course refers to the main buidling, not to the stable or other outhouses.

So far there is no room for doubt. The respondents point, however, to this clause: "and it is further agreed that no barn or shed or other building shall be built or located closer than ninety (90) feet from the front or street line of said lot," and argue that it permits the erection, at a distance of ninety feet or more from the street line, of any building, whatever its cost, and for whatever use. This is an entirely inadmissible construction of the language. In view of the earlier provisions that *no building* except a residence with outbuildings should be erected on the premises, or any part thereof, the words "or other building" plainly have reference to the outbuildings permitted at the outset of the paragraph. This meaning is rendered more evident by the fact that this phrase is used in connection with and following the words "barn or shed." The effect of this final provision, reading it as a part of the entire restrictive clause, is to require outbuildings to

be set back ninety feet from the street line, while the main residence building may be built at a distance of only twenty feet from the street.

The word "outbuilding" or "outhouse" has been defined as "a building adjoining or belonging to a dwelling-house" (Bouv. L. D.). "It is the subserviency of it to the mansion-house, that gives it the denomination of an outhouse." (*State* v. *Brooks,* 4 Conn. 446.) An outbuilding is "something which is to be used in connection with a main building." (*Blakemore* v. *Stanley,* 159 Mass. 6, [33 N. E. 689].) The structure erected by Mrs. Marovich was not an outbuilding. It was not an adjunct to any main building. So far as the evidence and the admissions of the pleadings show, it was built for no other purpose and put to no other use than that of a dwelling. Viewed as a residence, it did not comply with the requirements of the deed as to cost and value.

We are not called upon to decide whether it would be a violation of the conditions in this deed for the grantee to erect a stable or other outbuilding before constructing his residence, and to live in such outbuilding pending the construction of a residence. That question is not presented here. There is nothing to indicate that the structure complained of was designed or adapted for anything but a dwelling, or for any use to which an outbuilding could be put, or that the erection of a further residence was at any time contemplated. At any rate, the evidence would certainly have warranted a finding that it was a dwelling, and that alone. The right to erect a residence costing not less than fifteen hundred dollars, with customary outbuildings, did not authorize the erection of a residence costing no more than eight hundred dollars.

It must therefore be held that the plaintiff is entitled to a new trial.

The judgment and the order appealed from are reversed.

Shaw, J., and Angellotti, J., concurred.