[L. A. No. 2869.   Department One.—August 12, 1912.]

## MAUDE W. ALDERSON, Respondent, v. FREEMAN J. CUTTING, Appellant.

DEED—BUILDING RESTRICTIONS—LOT FORMING PART OF TRACT—COVE-
NANTS RUNNING WITH LAND FOR BENEFIT OF OTHER LOTS—VIOLA-
TION OF RESTRICTION.—A restriction in a deed of a lot forming
part of a tract of land belonging to the grantor, to the effect that
no building other than a residence with the customary outbuilding
should be placed upon the lot, and that such residence should be
erected not less than a specified distance from the front line of the
premises, and which is expressly made to operate as a covenant run-
ning with the land for the benefit of other lots in the tract or their
owners, is valid, and for its violation, an action may be maintained
by the owner of any lot in the tract for the benefit of which the
restriction was imposed.

ID.—PURPOSE OF RESTRICTION.—The purpose of such a restriction is to
prevent the encroachment of substantial parts of a building.

ID.—ENCROACHMENT OF PORCH OF RESIDENCE.—A residence so con-
structed that the roof of its porch extends two feet and four inches
over the restricted space, and the pillars of which encroach five
inches thereon, is in violation of the covenant, but the placing of
steps within the restricted space is not.

ID.—PLAINTIFF SUFFERING DAMAGE FROM ERECTION OF PARTICULAR
BUILDING—VIOLATION OF RESTRICTION BY OTHER LOT OWNERS—
RIGHT OF ACTION NOT WAIVED.—The plaintiff, who had been dam-
aged by a residence erected by the defendant in violation of such
covenant, did not waive her right to maintain an action therefor by
reason of the fact that before the defendant bought his lot buildings
had been put upon various other lots in the tract in violation of the
restriction, without objection by the plaintiff or other lot owners,
where there is nothing to show that the plaintiff was damaged by
such other violations, or had any knowledge thereof until after the
commencement of her action.

ID.—STIPULATION AS TO AGREED FACTS—FINDINGS UNNECESSARY.—A
written stipulation that certain allegations of the pleading are true
amounts to an agreed statement of facts, and no findings thereon
are required.

ID.—COMPLAINT FOR DAMAGES AND INJUNCTION—JUDGMENT FOR DAM-
AGES ONLY.—Where the complaint states a cause of action for dam-
ages for violation of such covenant, and also one for an injunction
against maintaining the residence as erected, the defendant cannot
complain of a judgment merely because it awards the plaintiff dam-
ages without granting her an injunction.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Harris & Swanwick, for Appellant.

Smith, Miller & Phelps, and William A. Alderson for Respondent.

SLOSS, J.—The plaintiff recovered judgment for three hundred dollars damages for the violation of a building restriction. The defendant appeals from the judgment and from an order denying his motion for a new trial.

The parties are owners of adjoining lots in block A of West Park Tract in the city of Los Angeles. The plaintiff acquired her lot, No. thirty-eight, in 1907. Lot thirty-nine was purchased by the defendant in 1909. The tract had been platted by its owners for purposes of sale, and all deeds made by them, including the deeds to plaintiff and defendant of lots thirty-eight and thirty-nine, respectively, contained provisions to the effect that no building other than a residence with the customary outbuildings should be placed upon the lot conveyed, and that such residence should be erected not less than twenty-five feet from the front line of the premises. Each of said deeds declared that the conditions stated should, as to each owner of any other lot in the tract, his heirs, successors or assigns, operate as covenants running with the land for the benefit of such other lots or their owners. The plaintiff had erected a residence upon her lot before the defendant made his purchase. After purchasing, the defendant commenced the erection of a residence upon lot thirty-nine. The plaintiff promptly protested against the erection of the proposed structure on the ground that the building would be nearer the street line than twenty-five feet. Notwithstanding the protest the defendant proceeded with the construction. The court finds that a substantial and integral part of defendant's building extended two feet and four inches within the restricted distance of twenty-five feet from the street line, and that thereby the defendant violated the restriction and

damaged plaintiff's property in the sum of three hundred dollars.

The validity of restrictions like those here involved is not open to question. (*Firth* v. *Marovich,* 160 Cal. 257, [116 Pac. 729].) In case of a violation relief may be sought by the owner of any lot in the tract for the benefit of which the restrictions were imposed.

The evidence supports the finding that the defendant, in erecting his house, exceeded the limits permitted by the terms of his deed. It appears that the defendant's building was a one-story dwelling, the roof extending on the front over a porch. There are five pillars, supporting the roof, at the outer side of the porch. The outer line of the roof is twenty-two feet eight inches from the street. The pillars, too, encroach by five inches, and their caps slightly more. The purpose of the restriction is to prevent the encroachment of substantial parts of buildings. (*Ogontz Land etc. Co.* v. *Johnson,* 168 Pa. St. 178, [31 Atl. 1008].) The projecting roof and pillars occupied such a relation to the building as to warrant the finding that they were substantial parts of the structure. (*Bagnall* v. *Davies,* 140 Mass. 76, [2 N. E. 786]; *Reardon* v. *Murphy,* 163 Mass. 501, [40 N. E. 854].)

On the other hand, a provision like the one in question does not prohibit the placing of steps within the restricted space. (*Kirkpatrick* v. *Peshine,* 24 N. J. Eq. 206; *Ogontz Land etc. Co.* v. *Johnson,* 168 Pa. St. 178, [31 Atl. 1008]; *Tripp* v. *O'Brien,* 57 Ill. App. 407.) The steps leading to a building are not an integral part of it, within the meaning of the clause under consideration. There is, therefore, no force in appellant's contention that plaintiff cannot maintain this action because she herself had built her house within the twenty-five-foot limit. The evidence shows that the only part of plaintiff's house extending over the line consisted of the front steps and the buttresses supporting the same.

It is further urged that plaintiff's right to complain of the location of defendant's house had been waived by reason of the fact that, before defendant bought his lot, buildings had been put upon various other lots in the tract in violation of the restriction, and no objection on account of such buildings had been made by plaintiff or other lot owners. But there is nothing to show that any of the other violations had caused

any damage to plaintiff. Under these circumstances, her failure to object did not affect her right of action for a violation which did damage her property. (*Payson* v. *Burnham,* 141 Mass. 547, [6 N. E. 708]; *Bacon* v. *Sandberg,* 179 Mass. 396, [60 N. E. 936]; *Zipp* v. *Barker,* 40 App. Div. 1, [57 N. Y. Supp. 569].) Furthermore, the court finds, and the finding is sustained by the evidence, that the plaintiff did not know, until the filing of the answer herein, that the restriction had been violated by any person other than the defendant. There can be no waiver in the absence of knowledge of the facts upon which the claim of waiver is based. (*Bucklen* v. *Johnson,* 19 Ind. App. 406, 420, [49 N. E. 612], and cases cited; *Bennecke* v. *Insurance Co.,* 105 U. S. 355, [26 L. Ed. 990].)

The claim that the court failed to find upon certain issues raised by the answer may be disposed of by pointing out that there was a written stipulation to the effect that these allegations of the answer were true. To the extent of the issues thus covered, this amounted to an agreed statement of facts. No finding is required with respect to facts which have thus been settled by agreement of the parties. (*Gregory* v. *Gregory,* 102 Cal. 50, [36 Pac. 364].)

The only other point made by the appellant is that the judgment, denying to plaintiff the injunction which she sought, and giving her damages alone, cannot stand. Quoting from appellant's brief, his contention is that "the giving of damages by the court is an alternative remedy, which may be administered in place of the injunction, but that there is no right to damages independent of an injunction." No sufficient reason in support of this claim is suggested, and none occurs to us. The complaint stated two causes of action, one seeking equitable, the other legal relief. If plaintiff's rights were invaded, as the findings show they were, she is entitled to recover such damages as she sustained, notwithstanding the conclusion of the court that the equitable remedy of injunction should not be granted.

The judgment and the order denying a new trial are affirmed.

Angellotti, J., and Shaw, J., concurred.