[L. A. No. 4229.   Department One.—May 8, 1918.]

## LOS ANGELES AND ARIZONA LAND COMPANY (a Corporation), Appellant, v. WINIFRED F. MARR, Respondent.

DEED—RESTRICTIVE CONDITION—IMPOSSIBLE EXCEPTION IN CONDITION.— Where a deed of land contained an express condition against the sale of liquors upon the property "herein described," except under a restaurant license "on the south 20 acres of block 205 thereof" (the property conveyed lying entirely outside of block 205), the exception is a meaningless or unintelligible attempt to exclude from the operation of the restriction something which could neither be included nor excluded.

ID.—FALSE REFERENCE IN EXCEPTION.—The exception of block 205 in such case is a false reference in the description, and as such it must be rejected.

ID.—CONDITION AGAINST SALE OF LIQUORS—REVERTER TO GRANTOR FOR BREACH OF CONDITION—VALIDITY OF CONDITION.—Restrictive conditions against the sale of liquors on lands conveyed, with provisions for reverter to the grantor for breach, when imposed for the benefit of other lands of the grantor, are valid.

ID.—ACTION TO ENFORCE FORFEITURE FOR BREACH OF CONDITION—NON-SUIT IMPROPERLY GRANTED.—Where in an action to enforce a forfeiture for breach of such a condition there was a sufficient *prima facie* showing of the defendant's violation of the restriction, the granting of a nonsuit was error, requiring a reversal of the judgment.

APPEAL from a judgment of nonsuit of the Superior Court of Los Angeles County.   Louis R. Works, Judge.

The facts are stated in the opinion of the court.

Goodrich & Martinson, for Appellant.

E. R. Young, for Respondent.

SLOSS, J.—The plaintiff appeals from a judgment against it, entered upon the granting of a motion for a nonsuit.

Plaintiff's predecessor, Verdugo Canyon Land Company, was the owner of a tract of land in Los Angeles County, and had made a contract with the defendant for the sale to her of a lot in said tract. A deed conveying the lot was executed subsequently. The contract, as well as the deed, contained various restrictive covenants, with a provision that in the event of any violation by the grantee, title should revert to the grantor. The complaint was framed upon the theory that the contract and the conveyance were uncertain with respect to both the description of the land conveyed and the terms of the restriction, and that the uncertainties were the result of mutual mistake of the parties. It was further alleged that the defendant had violated the covenant. The prayer was that the contract and the deed be reformed to express the true intent of the parties, and that the plaintiff be declared to be the owner of the lot and recover its possession.

The effort to have the instruments reformed has brought needless complication into the suit. Both parties are now agreed that the description of the lot purchased was clear and definite, and that no reformation was required in this respect. We are satisfied that the contract and deed, read with the aid of the map to which they refer, contain as well an adequate definition of the terms and scope of the restrictive covenants.

The grantor's land was known as Tract No. 250. It contained several hundred acres, and was shown, with its subdivisions, on the above-mentioned map, which was on file in the office of the county recorder. The tract was traversed by an avenue, called Canada Boulevard, running north and south, and was subdivided into numbered blocks and lots, the numbers of lots running consecutively through the entire tract. Block 205, containing some thirty-nine acres, lay at the southerly end of the tract. It had not been divided into lots. The property purchased by the defendant was lot 54. It lay to

the west of Canada Boulevard, some distance northerly from the limits of block 205.

The conditions embodied in the deed read as follows:

"This instrument is hereby made and executed upon the express condition and reservation, that no malt, vinous or spirituous liquors shall be sold, given away or distributed directly or indirectly upon the property herein described, except under a restaurant license on the south 20 acres of block 205 thereof, and no building except for residence, hotel, church or school purposes (and the necessary outhouses, to be used in connection therewith) shall be erected or maintained upon the herein described property lying west of Canada Boulevard (except block 205 thereof), *and no residence, hotel, church or schoolhouse shall be erected or maintained upon the property last above described of a less value than $2000.00;* . . .

"In the event of a violation of any of these conditions or reservations this instrument shall become null and void, the grantee herein shall forfeit all right or title to said property and all interest therein shall revert without notice to the grantor herein."

The dispute arises on the italicized portion of the provisions above quoted.

The contention of the respondent is that the restriction is so indefinite with reference to the property affected as to be meaningless and inoperative. And this was apparently the view taken by the plaintiff at the time its complaint was framed. It may be admitted that terms more apt to express the intent of the parties might readily have been chosen. ·The restrictive clause, read as a whole, seems to refer, not only to the lot conveyed by the deed, but to the entire tract delineated upon the map. In all probability the language was simply copied from some prior instrument which defined the conditions upon which the various lots in the tract were to be sold. Thus, the clause begins by prohibiting the sale of liquors upon the property "herein described, except on the south 20 acres of block 205 thereof." Block 205 was not a part of the property described in the deed, and the exception, while proper in an instrument referring to the entire tract, was meaningless in a contract or conveyance covering only a parcel of property entirely outside of block 205. Coming to the specific restriction here involved, it is provided that "no

residence . . . of a less value than $2000 . . . shall be erected upon the property last above described.'' The property ''last above described'' is ''the herein described property lying west of Canada Boulevard (except block 205 thereof).'' This sufficiently designates lot 54, which is ''the herein described property,'' and is ''lying west of Canada Boulevard.'' The only possible question arises from the exception of block 205, which, as we have seen, was not a part of the property described, and hence could not be excepted from it. There is, therefore, no uncertainty or doubt about the property designated as to which the restriction shall apply. There is merely a meaningless or unintelligible attempt to exclude from the operation of the restriction something which could not be included or excluded. It will not be doubted that the parties to this transfer intended that the restrictive covenants should apply to lot 54, which was the subject of the dealing between them. They were certainly not contracting with reference to block 205, which was remote from the land which was being sold. Obviously the exception of block 205 is a false reference in the description, and as such it must be rejected, thus giving effect to the deed according to the true intent of the parties. (*More* v. *Massini,* 37 Cal. 432; *Irving* v. *Cunningham,* 66 Cal. 15, [4 Pac. 766].) ''If the land . . . is described as an entire tract excepting a parcel described, and the description of the parcel in the exception is vague and uncertain, the uncertainty will affect the exception only, and that will fail and not the grant.'' (2 Devlin on Real Estate, 3d ed., sec. 1013c; *De Roach* v. *Clardy,* 52 Tex. Civ. 233 [113 S. W. 22]; *Bromberg* v. *Smee,* 130 Ala. 601, [30 South. 483]; *Loyd* v. *Oates,* 143 Ala. 231, [111 Am. St. Rep. 39, 38 South. 1022].) On similar considerations, it must be held that the words ''except block 205 thereof'' are not to be regarded, and that the words ''the herein described property lying west of Canada Boulevard'' are apt and sufficient to designate the property conveyed, i. e., lot 54.

We may, therefore, view as immaterial the allegations designed to show a mistake in the framing of the instrument, and the prayer for reformation. The plaintiff had a right to seek redress for the violation of the restrictions contained in the deed as it was executed. There was in the complaint a sufficient basis for this relief, and the matter relating to reformation is to be treated as superfluous.

The validity of restrictions of this kind, when imposed, as was the covenant in, this case, for the benefit of other lands owned by the grantor, is not questioned. (*Quatman* v. *McCray*, 128 Cal. 285, [60 Pac. 855]; *Firth* v. *Marovich*, 160 Cal. 257, [Ann. Cas. 1912D, 1190, 116 Pac. 729].) There was a sufficient *prima facie* showing of the defendant's violation of the restriction, continuing after repeated demands for compliance. The nonsuit should not, therefore, have been granted.

The judgment is reversed.

Richards, J., *pro tem.*, and Shaw, J., concurred.

Hearing in Bank denied.