[Civ. No. 6185. First Appellate District, Division One.—April 4, 1928.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation) et al., Respondents, v. GERTRUDE G. FETTE, Appellant.

Schweitzer & Hutton and B. R. Ware for Appellant.

Lewis C. Preston for Respondents.

CAMPBELL, J., *pro tem.*—This is an action for injunction and for forfeiture brought by Title Insurance and Trust Company, a corporation, and Mia Candida Bland against Mabel C. Ritchardson and her lessee Gertrude G. Fette. The properties owned by plaintiff Mia Candida Bland and the defendant Mabel C. Ritchardson adjoin, the lot owned by Mia Candida Bland being lot 755 and that owned by Mable C. Ritchardson being lot 756 in that certain tract known as ''Chesterfield Square'' in Los Angeles County, lot 756 being held under lease by appellant Gertrude G. Fette.

The record shows that the greater portion of the tract known as ''Chesterfield Square'' was acquired by respondent Title Insurance and Trust Company by deed from R. D. List and Iola R. List; that the lots owned by respondent Bland and defendant Ritchardson were acquired by them from the common grantor, respondent Title Insurance and

Trust Company, by grant deeds in which the identical conditions, restrictions and reservations are contained.

The court entered judgment that defendants Mabel C. Ritchardson and Gertrude G. Fette, their grantees, heirs, successors, and assigns be restrained and enjoined from continuing to violate and breach the conditions, restrictions and covenants of the deed of conveyance from Title Insurance and Trust Company, a corporation, to Mabel C. Ritchardson, conveying lot 756 of Chesterfield Square and ordered and required defendants to remove the buildings now upon lot 756 forthwith, and further adjudged and decreed if the defendants, or either of them, refuse to discontinue the violation and breach of the covenants and conditions, lot 756 shall be and is declared to be forfeited to and reinvested in Title Insurance and Trust Company according to the provisions contained in the deed of conveyance.

Defendant Mabel C. Ritchardson has not appealed, the appeal being prosecuted only by defendant Gertrude G. Fette, who urges the following points upon which she relies for a reversal of the judgment: 1. That the judgment is against the law in that, (a) the complaint as far as the plaintiff Bland is concerned does not state facts sufficient to constitute a cause of action; (b) the findings of fact do not support either conclusions of law or judgment in favor of the plaintiff Bland; (c) that the findings of fact do not support the judgment; 2. That the denial of the defendant Fette's motion to set aside and vacate the judgment and to amend and correct the conclusions of law and to enter judgment for the said defendant was erroneous and against law; 3. The court below erred in refusing to permit the introduction of the lease of lots 900, 901, of Chesterfield Square tract, executed by R. D. List to W. H. Bissell and Elmer Deen, and marked "Defendant's Exhibit 1" for identification.

 The point urged that the complaint does not state a cause of action on the part of plaintiff Bland "because there are no averments that the restrictions were intended by all the parties thereto to be for the benefit of all the lots in the tract," is without merit as the deed which is marked "Exhibit A" referred to in and made a part of the complaint contains the following recital: "It is understood and agreed that the foregoing conditions, restrictions and reservations

are a part of the general plan for the improvement of said Chesterfield square, which plan contemplates that certain of the lots therein shall be used for residence purposes only, and that certain others of said lots may be used for residence or apartment house or flat or hotel or church or school or library or business purposes, and are for the benefit of said tract and each and every parcel of land therein, and shall inure to and pass with said tract and each and every parcel of land therein, and are hereby imposed upon the premises conveyed by this conveyance as a servitude in favor of said tract and each and every parcel of land therein, as the dominant tenement or tenements,'' etc.

The other points urged that the findings do not support the judgment, and the denial of appellant's motion to set aside and vacate the judgment and correct the conclusions of law and enter judgment for defendant Fette was erroneous, may be treated together.

The findings to which appellant takes exception and which pertain to the condition in the deed claimed to have been violated, and which it is contended do not support the judgment, are: ''II. That the plaintiff, Title Insurance and Trust Company, is the grantor in the various deeds made by it to the several grantees of lots in that certain tract known as Chesterfield Square, as per map recorded in book 21, pages 90 and 91 of maps, in the office of the county recorder of the county of Los Angeles, state of California. . . . VII. That each and every of the deeds made by said Title Insurance and Trust Company to the various purchasers of lots in said tract contain the same conditions, restrictions and reservations as those mentioned in paragraph VI of these findings. VI. That the deeds under and by which said plaintiff, Mia Candida Bland, and the defendant, Mabel C. Ritchardson, acquired title to and own their respective lots in said tract, contain, among other things, the following express conditions, restrictions and reservations, to wit: 'That this conveyance is made and accepted upon each of the following express conditions, restrictions and reservations, which shall apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties: . . . 2. No residence shall be erected upon said premises that shall cost in actual value for labor and material less than $2500.00, and no building for any apart-

ment house, flat, hotel, church, school, library or business purposes, or any combination of said purposes, shall be erected upon said premises that shall cost in actual value for labor and material less than $2500.00 . . . 3. All buildings placed on said premises shall be erected thereon and from new material, and no building shall be moved upon said premises. . . . 8. The property hereby conveyed shall not be used or occupied by or be permitted to be used or occupied by any person other than a person of the white or Caucasian race. Provided that all and each of said restrictions and conditions herein contained shall continue in full force and effect until January 1, 1930, and then shall terminate and be of no further effect, either legal or equitable, upon said property or on the parties hereto, their heirs, successors, devisees, executors, administrators or assigns. Provided further, that a breach of the foregoing conditions shall cause said premises to revert to the grantor, its successors or assigns, each of whom respectively shall have the right of immediate re-entry upon said premises, in the event of any such breach; and as to the owner of any other lot in said tract, the foregoing restrictions and conditions shall operate as covenants running with the land, and the breach of such covenants or the continuance of any such breach may be enjoined, abated, or remedied by appropriate proceedings by such grantor, its successors or assigns, or by any such owners, their heirs, devisees, executors, administrators, successors or assigns, but by no other person. . . . ' VII. That each and every of the deeds made by said Title Insurance and Trust Company to the various purchasers of lots in said tract contain the same conditions, restrictions and reservations as those mentioned in paragraph VI of these findings.''

Appellant complains that ''upon such findings the court bases conclusions of law and judgment to the effect that the plaintiff Bland, to whom, as far as the evidence or findings disclose, there never was transferred the right of re-entry upon breach of said condition, and plaintiff Title Insurance and Trust Company is entitled to an injunction or, in case the defendants refuse to discontinue the violation of said conditions, to a reverter.'' We are unable to find in the judgment any right of re-entry by plaintiff Bland, but if it had been so decreed, it may be said that appellant

cannot be heard to complain as she would suffer no injury if the judgment had given respondent Bland the right of re-entry together with respondent Title Insurance and Trust Company, to whom the property would revert, and Title Insurance and Trust Company is not complaining.

Appellant further urges that the following findings are not supported by the evidence: "XI. That the plaintiff, Title Insurance and Trust Company, was at all the times mentioned in plaintiff's complaint and now is the owner of the reversionary rights in and to said lot seven hundred fifty-six (756), and in and to each and all of said lots contained in said tract, Chesterfield Square, in said complaint described. XII. That the plaintiffs, Title Insurance and Trust Company and Mia Candida Bland, have not con-sented to the breach of or waived any of the conditions, restrictions or covenants in said complaint set forth as and in said conveyance contained, and subject to which said defendant, Mabel C. Ritchardson, holds title to said lot seven hundred fifty-six (756), in which lot the defendant Gertrude G. Fette is interested as lessee thereof, and that said conditions, restrictions and reservations have not been cancelled or withdrawn and that each and everyone thereof are now and at all times mentioned in said complaint have been in full force and effect. XIII. That when it was ascertained that the defendant Gertrude G. Fette contemplated moving said buildings to and upon said lot No. 756, and before said buildings were placed on said lot No. 756, said defendants knew of and had knowledge of the said conditions, restrictions and reservations contained in said deed from Title Insurance and Trust Company to Mabel C. Ritchardson and were notified that it would be a violation of said restrictions to place said buildings on said lot 756; and that when it was ascertained that said defendant Gertrude G. Fette was determined to and had placed said buildings on said lot 756, timely demand for the discontinuance of such violation of said restrictions was made upon said defendants; but that said defendants failed and refused to discontinue such violation, and still fail and refuse so to do. XIV. That by reason of the violation, by the defendants, of the conditions, restrictions and reservations contained in said deeds from Title Insurance and Trust Company to the plaintiff Mia Candida Bland and to the

defendant Mabel C. Ritchardson, and to the various other purchasers of lots in said tract, Chesterfield Square, said plaintiff Mia Candida Bland has been and is irreparably damaged.''

If the findings here quoted and concerning which appellant contends the evidence does not support are in fact supported by sufficient evidence, and the refusal of the court to permit the introduction in evidence of the lease of lots 900 and 901 of Chesterfield Square Tract, executed by R. D. List to W. H. Bissell and Elmer Deen, is not reversible error, the judgment must be affirmed.

We think the evidence justifies the findings of the trial court and such findings support the judgment. P. L. Bishop, an employee of Title Insurance and Trust Company and who stated that he was acquainted with the conditions and restrictions contained in the deeds issued to persons who bought lots in Chesterfied Square Tract, testified as follows: ''Q. Do you know of your own knowledge whether the general plan or scheme of the subdivision, in the sale of lots, was to retain and make effective the various restrictions and conditions of the deeds as issued to Mrs. Bland? A. Yes. Q. Were they so carried out? Mr. Hutton: I object to that as indefinite and uncertain, calling for the conclusion of the witness, and, furthermore, that I do not understand— A. Meaning, were the restrictions lived up to? Q. (By Mr. Preston): No. Did they show in all the deeds? A. Yes, sir. Cross-examination by Mr. Ware: Q. Now, you say the general plan and scheme of this tract was uniform; is it not true that there are two distinct and separate forms of deeds used on the tract, one business and one for residence? A. Certain business and certain residence, yes. Q. Or combination of business and residence purposes? A. Yes, sir. Q. So that when you say it was uniform, each deed in the tract was not the same as each other deed in the trust? A. I was referring to those deeds— this business deed that Mr.—the attorney had in front of me. Q. However, in the tract as a whole, there were two separate and distinct forms of deeds? A. Yes, sir. Q. You say in certain of these deeds paragraph 4 has been eliminated; is that correct? A. Yes, sir. Q. Entirely eliminated? A. Yes, sir. Q. And how many, approximately, do you know? A. Our records are that there are lots 1 to 12,

with the exception of one lot that was not in the trust; I don't know whether it was lot 5 or 6; one of those lots. Q. 5 or 6? A. Yes. Q. Who owns that lot? A. I don't know, sir. Q. Do your records disclose the owner? A. No, it was not in the trust.''

Paragraph 4, which was eliminated from the deeds to lots 1 to 12, requires any residence built upon the premises to front on Slauson Avenue and permits the residence or building to be erected on the front property line, excepting that if the premises are on a street corner and front north or south, the residence or building shall be located not less than twenty feet from the side street line, etc.

Respondent Bland testified that she never at any time consented to the buildings being placed on the lot of defendant Ritchardson adjoining her lot and never consented to small buildings being moved on to such lot. Defendant Mabel C. Ritchardson testified that at the time she leased her lot to appellant the restrictions in her deed were called to the attention of appellant, and appellant read the deed. Appellant Gertrude G. Fette testified that before she moved the buildings on to the lot she received written notice concerning the conditions contained in the deeds: ''Q. At the time you received this notice, had you made any arrangements to make improvements under your lease from you by—? A. Yes, sir. Q. What arrangements had you made? A. The buildings were moved up that night; they were all on timbers, and had to leave the lot. Q. At the time you received this notice they had not been moved, is that correct? A. They were not off the lot, but they were on timbers ready for moving, yes, sir. Q. They had not yet been placed on lot 756 on Slauson Avenue? A. No, sir.''

The evidence shows the general plan for the improvement of the tract, Chesterfield Square: That at the time of purchasing their respective lots, both the plaintiff Bland and the defendant Ritchardson understood and agreed with Title Insurance and Trust Company, their common grantor, that the conditions, restrictions and reservations set forth in the deeds accepted by them were and are a part of the general plan for the improvement of Chesterfield Square, which plan contemplates that certain of the lots therein shall be used for residence purposes only, and that certain others of the lots may be used for residence or apartment house or

flat or hotel or church or school or library or business purposes, or any combination of such purposes, and are for the benefit of the tract, and are, by such understanding and agreement, imposed upon the premises covered, by their respective deeds as a servitude in favor of Chesterfield Square Tract and each and every parcel of land therein, as the dominant tenement or tenements; that at the time of entering into and making the lease of lot 756 by the defendant Ritchardson to appellant Fette, appellant had notice of all such conditions, restrictions, and reservations, and took her lease with knowledge thereof; that both before and at the time of moving the buildings complained of both defendants Ritchardson and appellant Fette had notice of objections to the moving of the buildings on to such lot.

It is well settled that when one makes deeds for different parties to a tract of land, each deed containing the same restrictions as to the use of the land to be conveyed, which restrictions are imposed as part of a general plan for the benefit of the tract and the several lots or portions thereof, the restrictions not only impose a liability upon each grantee to the grantor, but give the grantee an equitable right to enforce the restrictions against another grantee (*Allen* v. *Barrett*, 213 Mass. 36 [Ann. Cas. 1913E, 820, 99 N. E. 575]). Equity will enjoin the use of property by a grantee or his assigns when such use is subversive of a condition upon which conveyance of property was made (*Pavkovich* v. *Southern Pacific R. R. Co.*, 150 Cal. 39 [87 Pac. 1097]). In *Alderson* v. *Cutting*, 163 Cal. 503 [Ann. Cas. 1914A, 1, 126 Pac. 157]), the court says: "The validity of restrictions like those herein involved is not an open question (*Firth* v. *Marovich*, 160 Cal. 257 [Ann. Cas. 1912D, 1190, 116 Pac. 729]). In case of violation relief may be sought by the owner of any lot in the tract for the benefit of which the restrictions were imposed"; and in *Los Angeles etc. Land Co.* v. *Marr*, 178 Cal. 243 [173 Pac. 83], this language is used: "The validity of restrictions of this kind when imposed, as was the covenant in this case, for the benefit of other lands owned by the grantor, is not questioned (*Quatman* v. *McCray*, 128 Cal. 285 [60 Pac. 855]; *Firth* v. *Marovich*, 160 Cal. 257 [Ann. Cas. 1912D, 1190, 116 Pac. 729])." In *Miles* v. *Clark*, 44 Cal. App. 539 [187 Pac. 167], the court says: "The principle that covenants of the char-

acter here involved operate as a covenant running with the land for the benefit of other lots in the tract is well recognized in this state (*Los Angeles etc. Co.* v. *Southern Pacific R. R. Co.*, 136 Cal. 48 [68 Pac. 308] ; *Hunt* v. *Jones*, 149 Cal. 301 [86 Pac. 686] ; *Firth* v. *Marovich*, 160 Cal. 260 [Ann. Cas. 1912D, 1190, 116 Pac. 729] ; *Alderson* v. *Cutting*, 163 Cal. 504 [Ann. Cas. 1914A, 1, 126 Pac. 157] ; *Parker* v. *Kenworthy*, 181 Cal. 783 [183 Pac. 950] )."

The case of *Werner* v. *Graham*, 181 Cal. 174 [183 Pac. 945], on which appellant principally relies, is distinguished from the present case for the reason that the restriction ran personally to the grantor of plaintiff's predecessor in interest and was not imposed upon the premises covered by the deed there construed as a servitude in favor of each parcel of land as the dominant tenement or tenements. Nor is *McBride* v. *Freeman*, 191 Cal. 152 [215 Pac. 678], inconsistent with the doctrine announced in the cases quoted from.

■ The refusal of the trial court to permit the introduction in evidence of the lease covering lots 900 and 901 of Chesterfield Square, made by R. D. List to W. H. Bissell and Elmer E. Deen, was not error. Neither of the plaintiffs was shown to have consented to such lease nor to the erection of the buildings placed on such lots. Even if R. D. List were the beneficiary of Title Insurance and Trust Company, such fact would not make his unauthorized acts or declarations binding in such company in contravention of the terms or purposes of the trust, and surely could not bind the purchasers of lots in the absence of consent or waiver by them of the conditions contained in the deeds.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1928.

All the Justices concurred.