[No. 9,142. In Bank.—October 8, 1884.]

HENRY P. IRVING, Respondent, v. MARY ANN CUNNINGHAM, Administratrix of the Estate of Frank Cunningham, Deceased, et al., Appellants.

Evidence—Written Contract—Reformation of Contract.—In an action at law, parol evidence is not admissible to contradict or vary the terms of a written contract. The instrument can be reformed or corrected so as to express the intention of the parties only by a court of equity in a proper action instituted for that purpose.

Conveyance—False Description.—Where the description in a deed of conveyance is false in some particulars, but a sufficient description remains after rejecting the part which is false, effect must be given to the deed.

Appeal from a judgment of the Superior Court of the county of Alameda, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*James McCabe, Jos. H. Moore,* and *Mich. Mullany,* for Appellants.

*Henry P. Irving,* and *Tully R. Wise,* for Respondent.

Sharpstein, J.—The principal controversy in this case is as to the northern boundary of the tract conveyed by José Domingo Peralta to McAllister and others, on August 16, 1853. In the deed, "the northern side line" is stated to be "a line drawn from a point two hundred varas south of a house occupied by a squatter, Espejo, and passing to a point at a small creek

about two hundred varas south of the house now occupied by said Domingo with his family, and thence north-eastwardly in a straight line to the top of the mountains."

As to where two of the monuments—the houses of Espejo and Domingo—stood, there is no dispute. But the defendants offered to prove that there was not, before nor at the date of the said deed, a small creek about 200 varas south of the house of said Domingo, and that it was 1,850 varas from said house to the nearest creek in that direction. In connection with that offer, the defendants offered to prove other facts, having a tendency to show that the grantor supposed the reference to a creek about 200 varas south of his house was really to the one 1,850 varas south of it. If such had been the fact, the demanded premises would not have constituted any part of the tract conveyed by said deed. The offer was rejected, and the defendants' counsel insist that in rejecting it the court erred. If a written contract does not substantially express the intention of the parties to it, a court of equity will, in a proper action, correct or reform it, so as to make it conform to the real intention of the parties. But it is only in such an action that parol evidence is admissible to contradict or vary the terms of a written contract. This being an action at law, the rule which excludes parol evidence, when offered to contradict or vary the terms of a written contract, must be observed. If there had been a small creek about 200 varas south of the house occupied by the grantor, the evidence offered and rejected would have been clearly irrelevant and immaterial. If there was no small creek about 200 varas south of his house, or nearer in that direction than 1,850 varas, the case is one in which the description is true in part, but not true in every particular; and so much of the description as is false must be rejected; and the instrument will take effect, if a sufficient description remains to ascertain its application. (1 Greenl. 301.) If the words " at a small creek " be omitted from the clause we are considering, enough will remain to show plainly the intent. The words, exclusive of the *falsa demonstratio*, are sufficient of themselves to describe the property intended to be conveyed.

We think the circumstance of there having been a small creek at the distance of 1,850 varas south of the grantor's house is

altogether immaterial.   The deed must be construed as it would be if there had never been a small creek in that direction from his house.   It is legally incredible that the grantor could have had that creek in his mind, when referring to one about 200 varas south of his house.   The description is not ambiguous. If there was a small creek about 200 varas south of the grantor's house, the description is correct in every particular.   If there was no such creek in that direction nearer than 1,850 varas of his house, the reference to " a small creek " is of no manner of effect.   In either view of the case, the ruling of the court was correct.

Judgment and order affirmed.

McKinstry, J., Ross, J., Myrick, J., Morrison, C. J., and Thornton, J., concurred.

Rehearing denied.