[Civ. No. 7058. First Appellate District, Division Two.—November 16, 1929.]

C. M. MacGREGOR, Respondent, v. BERTHA McKENZIE KNOWLDEN et al., Appellants.

Robert E. Knowlden, *in pro. per.*, Stanley R. Sterne and John C. Stirrat for Appellants.

Robert B. Gaylord for Respondent.

KOFORD, P. J.—This is an action to quiet title to certain long strips of land 10 feet wide adjoining the two sides of the 40-foot right of way of the Atchison, Topeka & Santa Fe Railway Company, hereinafter called the Santa Fe. The strips of land are in Albany, Alameda County, and are bisected by Main Street where it crosses the railroad track, thus making the strips of land into four separate parcels, each parcel being the subject of a separate cause of action in the complaint. The plaintiff obtained judgment quieting his title to the three parcels of land described in the first three of the four causes of action of his complaint. Defendants, who are also cross-complainants, obtained judgment quieting their title to the fourth parcel. Defendants appeal from the judgment in favor of the plaintiff upon the first three causes.

Appellants claim title to the land described in the complaint under a quitclaim deed executed to them in September, 1925, by George Sterling. The deed conveyed to them whatever interest the said grantor may have had in the said strips of land at that time. The said George Sterling is the common predecessor of the parties to this action. Respondent claims title under a chain of conveyances, the first being two conveyances by the said Sterling in 1906.

Going back of Sterling in the chain of title, to explain the origin of the right of way, we find that in February, 1884, the Pacific Improvement Company, owner of two-thirds, and Maria Hall, owner of one-third, by separate instruments, conveyed to the California and Nevada Railroad Company the railroad right of way hereinabove referred to. These deeds in granting the right of way described it by metes and bounds. It was 40 feet in width (not 60 feet). The deeds stated that the strip contained 5.73 acres of land. Afterward, on the 12th of October, 1906, Pacific Improvement Company conveyed to George Sterling and on the twenty-seventh day of November, 1906, H. W. Carpentier conveyed to George Sterling a large tract of land surrounding the said right of way. The descriptions in these two deeds were identical. They contained a number of exceptions. One of these exceptions was the railroad right of way. It read: "Saving and excepting therefrom the following tracts or parcels of land heretofore conveyed, viz.: . . . ; 5.73 acres for right of way to The California and Nevada Railroad Company February 23, 1884." Very shortly thereafter the said Sterling made the two conveyances which start the chain of title to the respondent. These deeds were, first, Sterling to North Berkeley Land Company, dated October 13, 1906, which relates only to the third cause of action herein, and second, Sterling to Spring, dated December 7, 1906, which relates to the first and second causes of action herein. The deed from Sterling to Spring conveyed that part of Sterling's property which lay north of Main Street. It included and conveyed the strips of land described in the first and second causes of action unless the said deed, in excepting from its description the railroad strip, had the legal effect of excepting a 60-foot strip instead of a 40-foot strip of land. The exception in this deed reads as follows: "Excepting therefrom: A strip of land 60 feet in width heretofore conveyed by the Pacific Improvement Company to the Atchison, Topeka & Santa Fe Railroad Company, containing 4.32 acres, more or less, and being within the boundaries of the above described tract." It appears, therefore, that Sterling received title to the land surrounding and including that described in the first and second causes of

action by deeds which clearly excepted the identical 40-foot right of way which had theretofore been conveyed, whereas, in the conveyance by which he parted with his title he excepted a right of way which he referred to as a 60-foot strip of land theretofore conveyed. From this discrepancy arises the litigation with respect to the first and second causes of action.

It was stipulated at the trial that the California and Nevada Railroad Company, to which company the right of way was conveyed in 1884, was a predecessor of the Santa Fe, that the latter company succeeded to the rights of the former prior to 1905, that it used and occupied the right of way ever since the last-named date, and that the railroad tracks were then and now within the 40-foot strip. It was also stipulated that there was no record of any conveyance which transferred the 10-foot strips in controversy to the Santa Fe. Testimony was stipulated to the effect that the Santa Fe Railway Company claimed no more than a 40-foot right of way and that it claimed the same only under the deeds of 1884 hereinabove described.

Respondent claims that the exception in this deed operated to except only the 40 feet theretofore conveyed or it excepted nothing at all on account of its ambiguity. If it excepted nothing at all, or if it excepted only 40 feet, the title to the 10-foot strips in either case passed by Sterling's deeds to respondent's predecessors and was not retained by Sterling after the execution of said deeds until 1925, when he executed a quitclaim deed to the appellants.

█ The primary rule of interpretation of deeds is to ascertain and carry out the intention of the parties. It does not seem reasonable that Sterling intended to except a 60-foot strip of land when he executed to respondent's predecessors the deed above mentioned. The language of the exception refers to a strip of land theretofore conveyed by the Pacific Improvement Company to the Santa Fe Railway Company. This description is not satisfied by a 60-foot strip because no 60-foot strip had ever been so conveyed. Of course, it would be quite possible for Sterling to have reserved to himself for some purpose a 10-foot strip on either side of the Santa Fe 40-foot right of way. The deed does not show this intention, however, for he reserves noth-

ing to himself and excepts only that which had been theretofore conveyed away to the Santa Fe Railway by his, Sterling's, predecessors. The strip of land intended to be excepted by Sterling must necessarily have been the right of way conveyed in 1884 for that was the only right of way in existence and the only strip theretofore conveyed. This was the rule applied in *Grennan* v. *McGregor,* 78 Cal. 258, 262 [20 Pac. 559]. On the other hand, if the only right of way in existence was of such a nature that it could not possibly have been in the minds of the parties using the language found in the deed, then it was no exception whatsoever, and in that case the said deed of Sterling would have operated to convey all the title that he had within the exterior boundaries of the property described. (*Lange* v. *Waters,* 156 Cal. 142, 146 [19 Ann. Cas. 1207, 103 Pac. 889].) Under this construction the title to the land in the 60-foot strip outside the 40-foot strip would have passed by the deed. If the exception is an exception at all, it is so because of the application of the rule that a false call will be disregarded in order to make the description harmonize with actual facts and conditions. (*Irving* v. *Cunningham,* 66 Cal. 15, 16 [4 Pac. 766]; *Los Angeles etc. Land Co.* v. *Marr,* 178 Cal. 243 [173 Pac. 83].) The exception referred to a previous conveyance. That conveyance once found is the most definite description. It speaks for itself. When once found the incorrect particulars of the description of that conveyance will give way. The particulars are given to describe and identify a previous conveyance, and when that conveyance is ascertained from the fact that it is the only one in existence, the false particulars are discarded as useless. Under this rule the expression 60 feet must be disregarded as a false call, with the result that only a 40-foot strip is excluded by this exception from the major description. This we hold to be the correct interpretation of this exception in the Sterling-Spring deed.

 The amount of acreage of the railroad strip excepted is stated in the Sterling to Spring deed to be "4.32 acres more or less." Appellants state that this acreage corresponds with a 60-foot strip instead of a 40-foot strip. The amount of acreage would not control the outstanding intention of the deed to except that which had been thereto-

fore conveyed and consequently not owned by the grantor. The acreage, following mathematically from the statement of 60 feet, is a false call in the same way that the 60 feet is a false call: The words "more or less" also indicate that the exact amount of acreage should not be the controlling factor and should yield to other more definite parts of the description.

■ Appellants assert that at the time of the Sterling-Spring deed there were fences standing upon the ground which inclosed a 60-foot strip of land through the middle of which ran the railroad 40-foot strip. The evidence does not disclose who built these fences, but appellants assume they were built by the railroad company, which would exclude any of the predecessors in interest of the parties hereto. Neither does the evidence show when the fences were built, but Mr. Prather testified that they were there in the year 1906—exact date not stated. The existence of fences as stated might be of considerable importance in a controversy between adjoining land owners as if the railroad claimed the strip as fenced. In this controversy there is no question of estoppel nor of adverse possession. Presumably the fences remained and were there when appellants obtained their deed as well as when respondent's predecessors obtained and made their deeds. If the fences were there a few days prior to the time Sterling deeded to Spring, then they were also there when the property was deeded to Sterling. The parties hereto are litigating the title as it may be established by the conveyances in evidence. The existence of fences is not to be denied its evidentiary value, but that value in this case is small. The fences were not mentioned in the conveyances, but the original conveyance of the right of way was mentioned. Here Sterling conveyed all his land within the exterior boundaries given on both sides of the railroad track and purported to except only a strip theretofore conveyed to the railroad and exhibited no intention to reserve anything for himself, his heirs or assigns. No reason exists to believe that he intended to convey only to the fence and reserve for himself and assigns whatever he owned beyond the fence and adjoining the 40-foot right of way.

We now take up the third cause of action of the complaint. Sterling obtained title to this land at the same time and by the same two deeds by which he acquired title to the land described in the first and second causes of action. He conveyed this land by his deed to North Berkeley Land Company, October 13, 1906. If the eastern boundary line of the land conveyed by this deed was a 40-foot right of way of the Santa Fe, then the 10-foot strip of land described in the third cause of action of the complaint herein passed by that deed from Sterling and by other succeeding conveyances to the respondent herein. But if the said eastern boundary line of the land conveyed by said deed was a 60-foot right of way of the Santa Fe, then Sterling retained for himself and did not convey at that time the said 10-foot strip, in which case he retained it until 1925 and conveyed it by the quitclaim deed which he executed to the appellants herein. The deed so far as material on this point describes the property conveyed as follows:

"Bounded on the west by San Pablo Avenue, on the south by Cordonices Creek, on the east by the right of way of the Atchison, Topeka & Santa Fe R. R. and on the north by the county road, and more particularly described as follows:

"Beginning at a point formed by the intersection of the center line of Cordonices Creek and the easterly line of San Pablo Avenue, thence north 14 degrees 11' west 2519.65 feet to a point on the south line of the county road, forming the northwest corner hereof, thence north 86 degrees 3' east 1554.91 feet to a point on the west line of the right of way of the Atchison, Topeka & Santa Fe R. R. which point forms the northeast corner hereof, thence along the west line of said right of way south 14 degrees 11' east," etc.

As already shown herein, the evidence establishes that the only right of way in existence was that which was more accurately described in the deeds by which the right of way was originally created. Appellants claim that the evidence conclusively establishes that the distance call for the north boundary is 10 feet less than the actual distance

from the northwest corner of the tract conveyed to the Santa Fe 40-foot right of way. Conceding this claim, nevertheless the right of way was a monument and as such it controlled the distance call of 1554.91 feet. ██ A known boundary line may be a monument as well as a physical object upon the ground (*Bartlett Land Co.* v. *Saunders,* 103 U. S. 316 [26 L. Ed. 546, see, also, Rose's U. S. Notes]), and when such boundary line is used as a monument, the true boundary line is indicated rather than the conventional line. (*Umberger* v. *Chaboya,* 49 Cal. 525, 538.) ██ In fact, the property is first described as bounded by four monuments and the distances and calls are given afterward as particulars of the general description. For this reason, also, the true right of way and not the length of the north boundary of the tract should control. It is like conveying a tract by name. (*Haley* v. *Amestoy,* 44 Cal. 132.) As in the case of the deed from Sterling to Spring, we see in this deed no intention of the grantor to reserve to himself any land between the true right of way and the land conveyed by this deed. For these reasons the deed should be interpreted as conveying and not reserving the 10-foot strip described in the third cause of action.

The remaining points to be considered relate to one or more of the first three causes of action indiscriminately.

██ Some of the deeds in the respondent's chain of title contain exceptions of certain parcels of land. Appellants assert that the burden of proof was upon the respondent to identify and lay out said exceptions upon the ground in such a way as to prove that none of them excepted any part of the parcels of land in litigation here. Whatever may be the rule about the burden of proof at the trial on this point, the burden of showing error upon this appeal is upon the appellants. To assume this latter burden, appellants should either assert or show that the descriptions in the deeds show upon their face that the exceptions complained of do cut into the respondent's title, or at least show that it cannot be ascertained from the face of the deeds whether the exceptions do or do not cut into it. They have done neither. Nevertheless, by plotting out the descriptions and exceptions concerning which no parol tes-

timony was given, we find that, from the face of the instruments in which they appear, each exception is a considerable distance away from any of the three strips of land involved on this appeal. ■ Regarding the exception of a ¡40-foot strip in the Sterling-Spring deed, parol testimony was given for the purpose of locating it with respect to the strips here in litigation. Appellants' only point in respect to this exception is that respondent "only vaguely located" it. Respondent, however, has pointed out testimony of civil engineer E. C. Prather to the effect that this exception neither lies within nor overlaps any of the strips of land described in the complaint. No sufficient reason is urged by appellants to justify this court in rejecting this testimony which evidently the trial court believed and followed.

This disposes of all the exceptions enumerated by the appellants.

■ Scattered through appellants' briefs are many references to deeds, maps and other parts of the evidence which it is stated constitute declarations against interest by the respondent's predecessors. Appellants have not definitely stated what point they make of this matter. It is stated that these things were admissible evidence; but this evidence was not excluded. It was admitted by the court. This evidence was not conclusive, but presented a question of fact for the court. Respondent has also pointed out declarations and admissions against appellants' interest to the effect that the Santa Fe right of way was and is only 40 feet wide and which declarations were admissible against the appellants. On this subject the comments of the parties hereto lead nowhere. Neither party hereto has any advantage upon this score except as the court may have weighed this evidence. At most these things tend to prove that the discrepancies and errors in conveyancing were not discovered by any interested party until shortly before this litigation was commenced.

■ In the amended complaint respondent alleged title generally, then alleged the conveyances to and from Sterling and concluded the paragraph by alleging that both respondent and appellants claimed title from a common source of title. This, of course, did not prevent respondent in his

52

proof of title from introducing other deeds in evidence than those mentioned in the amended complaint. The allegations only purported to indicate how the source of title of both parties was the same. It was proper for respondent to introduce in evidence all of the conveyances in his chain of title and any additional conveyances necessary to explain references in those in his direct chain.

 It developed in the evidence that the respondent's deed from Spring Estate Company did not convey that part of parcel number 1 which lies north of Brighton Avenue. The court, therefore, quieted respondent's title to only the remainder of the parcel described in count number 1, namely, that part lying south of said Brighton Avenue. The part to the north was awarded to neither party. The appellants herein contend that because respondent failed to prove title to this portion of parcel number 1, the judgment should have decreed that the same belonged to the appellants even though the evidence showed no better title in appellants than in respondent. This contention is based upon the rule that in a quiet title action the plaintiff must recover upon the strength of his own title and not upon the weakness of the defendants' title. From this rule it, of course, follows that respondent was not entitled to judgment to this part of parcel number 1. If this were the only property involved in the action, appellants would be entitled to judgment for costs, but the appellants, simply upon the failure of proof of respondent's title, were not entitled to affirmative relief in the form of a decree declaring them to be the owners when the evidence showed the title to be outstanding in the Spring Estate Company and not in the appellants. The finding and judgment with respect to this part of parcel number 1 was correct under the evidence. It determined the title as between the parties in accordance with the facts in evidence.

This disposes of all the points urged by appellants as grounds for reversal.

The judgment appealed from is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 16, 1929, and a peti-

tion by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 13, 1930.

All the Justices present concurred.