Isabel Pablo BLAS, as Administratrix of the Estate of Dolores Flores Pablo, Appellant,

v.

Jose Q. TALABERA, Appellee.

No. 17958.

United States Court of Appeals Ninth Circuit.

June 10, 1963.

618

Finton J. Phelan, Jr., Agana, Guam, for appellant.

Reyes & Lamorena and A. T. Lamorena, Agana, Guam, for appellee.

Harold W. Burnett, Atty. Gen. of Guam, and Richard D. Magee, Deputy Atty. Gen. of Guam, Agana, Guam, for amicus curiæ Government of Guam.

James P. Alger, U. S. Atty. for District of Guam, Agana, Guam, for amicus curiæ United States.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge.

Jose Q. Talabera brought this action in the Island Court of Guam to obtain specific performance of a contract to convey real property. Named defendant was Isabel Pablo Blas, administratrix of the estate of the asserted vendor, Dolores Flores Pablo.

The real property in question, a piece of land located in the District of Mongmong, Municipality of Sinajana, Guam, and known as Lot No. 1120, was owned prior to 1940 by the late Dolores Flores Pablo. She died on August 21, 1941. On June 13, 1945, her daughter, Isabel Pablo Blas, appellant herein, petitioned the Island Court of Guam for letters of administration, which letters subsequently issued.

While the probate proceedings were pending, appellee Talabera petitioned the

Island Court of Guam for a decree directing appellant in her capacity as administratrix to convey a portion of Lot No. 1120 to him.[1] In his petition Talabera alleged that he had entered into a written contract with Dolores Flores Pablo, that in it she had contracted to convey a portion of Lot No. 1120 to him, and that he had given her the agreed consideration of sixty dollars. He also alleged that the written contract had been lost during the course of the war with Japan.

■ The administratrix answered the petition, denying that the agreement was in writing and also asserting, as a defense, the statute of limitations. After a hearing a decree favorable to plaintiff was entered by the Island Court. On appeal to the appellate division of the District Court of Guam, the decree was affirmed. Defendant has pursued his appeal to this court. We have jurisdiction to entertain it. Corn v. Guam Coral Company, Inc., and Panciteria Far East, Inc. v. Guam Coral Company, Inc., 9 Cir., 318 F.2d 622.

Appellant's first argument concerns the Island Court's alleged failure to take notice of its own records. According to appellant, an order providing for partial distribution of estate assets and reciting that notice had been given to creditors and that no claims had been filed was entered by the Island Court on July 12, 1948. Appellee's petition for specific

performance was filed in the same court on July 9, 1954.

■■ Appellant apparently assumes that had the court taken notice of the alleged order of July 12, 1948, it could not have granted the petition. She does not indicate why this must be so; nor can we ascertain this for ourselves since the alleged order is not in the record before us. Error in failing to take judicial notice of a fact is not ground for reversal unless it is shown that the appellant is prejudiced by the error.

■ Apart from this there is no indication in the record that the order of July 12, 1948 in the probate proceedings was brought to the attention of the Island Court in the present case at the time appellee's petition was under consideration, or at all. While the Island Court is authorized to take judicial notice of prior orders entered in another case in that court,[2] it is not required to do so unless such orders are appropriately drawn to the court's attention.[3]

■ Appellant next contends that the Island Court erred in granting the petition because appellee was barred from recovery by the statute of limitations. Particular reliance is placed upon section 708 of the Probate Code which provides that neither the judge nor the personal representative shall allow or approve any claims against the estate which are barred by the statute of limitations.[4] In

---

1. This petition was based upon the Guam Probate Code which provides:

   "§ 850. Authorization of conveyance. If a person who is bound by contract in writing to convey any real property or to transfer any personal property dies before making conveyance or transfer, and the decedent, if living, might have been compelled to make such conveyance or transfer, the court in which proceedings are pending for the administration of the estate of the decedent may make a decree authorizing and directing the executor or administrator to convey or transfer the property to the person entitled thereto."

2. See section 1875, Guam Code of Civil Procedure.

3. Flores v. Arroyo, 56 Cal.2d 492, 15 Cal. Rptr. 87, 364 P.2d 263, 265–266, construing Cal.Code Civ.Proc. § 1875(3), which is identical with section 1875(3) of the Guam Code of Civil Procedure. See also, Shapleigh v. Mier, 299 U.S. 468, 475, 57 S.Ct. 261, 81 L.Ed. 355.

4. Guam Probate Code:

   "§ 708. Effect of statute of limitations. No claim which is barred by the statute of limitations shall be allowed or approved by the executor or administrator, or by the judge. When a claim is presented to a judge for his allowance or approval, he may, in his discretion, examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim. No claim which has

preventing a personal representative from waiving statutes of limitations which might be asserted by the estate,[5] this statute applies alike to claims barred by ordinary statutes of limitations (In re Steuer's Estate, D.C.A., 77 Cal. App. 584, 247 P. 211, overruled on other grounds by Tabata v. Murane, 24 Cal.2d 221, 148 P.2d 605, 610), and to claims barred by failure to comply with the provisions of the Probate Code in presenting claims. Smith's Estate, note 5 above.

■ Most clearly developed in appellant's argument on this point is the contention that appellee's petition should have been denied for failure to comply with the sections of the Probate Code of Guam relating to the presentation of claims. All claims arising on contract must be filed or presented within the period prescribed in the notice to creditors or they are forever barred.[6] Since appellee has never filed or presented a claim, and since the time for filing or presenting a claim is presumably past,[7] the argument goes, he should be barred from recovery.

■ Appellee is not asserting a claim for money against the general assets of the estate. He has petitioned under section 850 of the Probate Code for a conveyance of specific real property to which he claims an equitable title. In an action to recover specific real property brought by one who asserts an ownership

of it, it is not necessary to allege or prove the filing of a claim with the personal representative. Newport v. Hatton, 195 Cal. 132, 231 P. 987.[8]

While its position is not entirely clear, appellant may also be arguing that appellee should be barred from recovery by the general statute of limitations. That is, that appellant could not have maintained an action for specific performance against appellant's decedent if she were still living because the statute of limitations on such an action would have run.[9]

■ If the statute of limitations on actions for specific performance of contracts to convey land would have run, appellee's petition should not have been granted. Section 850 of the Guam Probate Code provides that the decree may issue if "the decedent, if living, might have been compelled to make such conveyance." But the statute of limitations does not begin to run against a vendee in possession who has fully performed his part of the contract, until he is ousted by his vendor.[10]

■ There is evidence in the record that appellee paid the full purchase price. There is also evidence that he went into possession following the alleged agreement of sale. The record does not indicate whether he was in possession when he filed his petition with the Island Court.[11] But there is no evidence that he ever abandoned it, or that he was ever

been allowed is affected by the statute of limitations pending the administration of the estate."

5. See In re Smith's Estate, D.C.A., 122 Cal.App.2d 216, 264 P.2d 638.

6. Guam Probate Code § 707.

7. There is nothing in the record to indicate when the notice to creditors was first published or that it was ever published.

8. The Guam Probate Code and the Guam Code of Civil Procedure are practically identical with the like Codes of California, and were in fact drawn from those codes. See United States v. Johnson, 9 Cir., 181 F.2d 577, 580. In these circumstances, the California decisions

construing the counterpart statutes of that state are persuasive in this court. See Sauget v. Villagomez, 9 Cir., 228 F. 2d 374, 376.

9. Appellant does not cite the statute of limitations upon which she relies. We presume that she refers to section 337 (1) of the Guam Code of Civil Procedure, providing a four-year limitation upon the commencement of an action upon any contract, obligation, or liability founded upon an instrument in writing.

10. See Fleishman v. Woods, 135 Cal. 256, 67 P. 276, involving section 337 of the California Code of Civil Procedure.

11. There is some evidence that appellee left the land for a time during the war with Japan, and that he returned there-

ousted from his possession by appellant. Without proof of when the statute of limitations began to run, appellant cannot prevail on this point.

■ Another alleged error of the Island Court is the fact that it permitted appellee and his wife to testify concerning the execution of the contract with appellant's deceased. Relying upon the Guam "Dead Man Statute,"[12] appellant contends that this testimony was incompetent, and that without it there is no evidence to support the decree of specific performance.

If the Island Court did err in this respect, appellant is in no position to assert that error here. During the entire course of the hearing held in connection with appellee's petition, only one objection was made. That objection was on the ground of hearsay. It was sustained and the answer was stricken from the record. No objection was made to appellee's or his wife's testimony on the ground that it violated the "Dead Man Statute." By failing to make a timely objection, appellant has waived whatever applicability the statute might have had. Kinley v. Largent, 187 Cal. 71, 200 P. 937.[13]

■ What we have said about appellant's failure to make a timely objection also applies to its next allegation of error. It is urged that appellee and his wife were permitted to testify concerning the contents of the alleged contract document without having properly accounted for both duplicate original copies. But where no objection is made

to the introduction of secondary evidence for the purpose of proving the terms of an agreement, it is not error for the trial court to consider such evidence. Sublett v. Henry's Lunch, 21 Cal.2d 273, 131 P.2d 369.

■ Belated exception is taken too, to the fact that appellee and his wife, neither of whom could read English, were permitted to testify to the contents of the document which was written in English. But there was testimony about the terms of the document by appellee's daughter, who had seen it and who could read English. Thus, there is competent testimony to support the decree.

Finally, appellant urges that considering the entire record in the case, the Island Court should have been reversed. Reference is made to the many inconsistencies and contradictions in both the testimony and the other papers in the record.

On June 3, 1955, while the case was on appeal to the appellate division of the District Court of Guam, it was referred to the Island Court for further proceedings to re-examine the reporter's transcript of the evidence. For more than three years, nothing was done. The case was finally re-opened in the appellate division without anything further having been done in the Island Court. If the record is less than satisfactory, it is because appellant's opportunity to correct it was spent in delay rather than constructive effort to improve it.

The judgment of the appellate division of the District Court of Guam is affirmed.

---

after. There is also evidence that the land was subsequently leased to the United States for military use.

12. Guam Code of Civil Procedure:

"§ 1880. Persons who cannot testify. The following persons cannot be witnesses:

\* \* \*

"3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or ad-

ministrator upon a claim, or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

13. We say "might have had" because the identical California provision has been held to apply only to money claims made against the general assets of the estate. Wadleigh v. Phelps, 149 Cal. 627, 87 P. 93.