**Ferdinand E. SCHARFF and Isabel Q. Scharff, husband and wife, Appellants,**

**v.**

**BANK OF HAWAII, a corporation, Appellee.**

**No. 22796.**

United States Court of Appeals, Ninth Circuit.

Aug. 3, 1970.

John J. Carniato (argued), Walnut Creek, Cal., Arriola, Bohn & Dierking, Agana, Guam, for appellants.

David M. Shapiro (argued), Agana, Guam, for appellee.

Before CHAMBERS and ELY, Circuit Judges, and LEVIN, District Judge.*

ELY, Circuit Judge:

This appeal presents a unique set of circumstances. The appellants Scharff signed two instruments in favor of the appellee bank under which they guaranteed the repayment of loans made by the

* Honorable Gerald S. Levin, United States District Judge, Northern District of California, sitting by designation.

bank to one Williams and his wife.[1] At the time the Scharffs signed the guaranties, the Williamses had applied for a loan in the amount of $2500. The Scharffs visited the bank, were shown a copy of the application for the $2500 loan, and were told by one Salas, the bank official concerned with the transaction, that the limit of their liability would be only $2500. The written agreements actually signed by the Scharffs, however, set no limit on their liability. Thereafter, without the knowledge of the Scharffs, the bank loaned additional money to the Williamses. When the Williamses defaulted, the bank sued both the Williamses and the Scharffs for the full amount of the loans and prevailed. Only the Scharffs have pursued an appeal.

■ Appellants argue that the trial court erred in refusing to consider whether the written agreements, because of mutual mistake,[2] failed to express the real intention of the parties. The Guam Civil Code supports this contention, its section 1640, entitled "Writing, When Disregarded," providing:

"When, through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded."

The section was adopted from, and is identical to, section 1640 of the California Civil Code. Accordingly, in the absence of a controlling decision by a Guam court, we may give to the section the same interpretation which has been given to its California counterpart. Vela v. Government Employees Insurance Company, 395 F.2d 437 (9th Cir. 1968). See also Capital Insurance & Surety Co. v. Kelly, 361 F.2d 567, 568, n. 1 (9th Cir. 1966); Blas v. Talabera, 318 F.2d 617, 620, n. 8 (9th Cir. 1963); United States v. Johnson, 181 F.2d 577 (9th Cir. 1950). We have found no Guam cases which discuss the statute. However, in Smith v. Bear, 237 F.2d 79 (2d Cir. 1956), the California provision was interpreted to mean that parol evidence[3] was admissible to show that a mutual mistake prevented a writing from expressing the intention of the parties. The court stated:

"In California, parol evidence is admissible for the purpose of showing that by reason of mutual mistake a written instrument does not truly express the intention of the parties. California Civil Code, Section 1640. This exception to the parol evidence rule is universally recognized. See 32 C.J.S., Evidence, § 978.

"Extrinsic evidence may be introduced to show mutual mistake in an action in equity to reform the instrument. Irving v. Cunningham, 1884, 66 Cal. 15, 4 P. 766. Such evidence may be interposed as a defense to an action at law on the written agreement. Massie v. Chatom, 1912, 163 Cal. 772, 127 P. 56."

Id. at 86. It would thus seem clear that the undisputed evidence of the oral agreement in this case should have been dispositive.

■ The bank argues, however, that the District Court was precluded from

---

1. One of the documents guaranteed the obligations of Richard R. Williams doing business as "The Toggery," and the other document guaranteed the obligations of Richard R. Williams or Dora K. Williams as individuals.

2. We discuss only mutual mistake because the facts present a classic case of mutual mistake. Our opinion would be the same if the facts showed that only the appellants believed the $2500 limitation applied if (1) the appellee knew of appellants' mistake and failed to correct their misapprehension and (2) the circumstances were such that appellee had a duty to so notify appellants. See Moreno Mut. Irr. Co. v. Beaumont Irr. Dist., 94 Cal. App.2d 766, 781, 211 P.2d 928 (1949).

3. Both Guam and California also have identical provisions in their respective codes of civil procedure (§ 1856) which allow parol evidence to be introduced "[w]here a mistake or imperfection of the writing is put in issue by the pleadings."

enforcing the actual agreement because the Scharffs failed to allege the defense of mutual mistake in their pleadings. We disagree. Although the pleadings did not expressly refer to "mutual mistake," such precise formality [4] is not required where, as here, the pleadings and pre-trial statement made all parties fully aware of the underlying claims. In Smith v. Bear, *supra,* the court emphasized that a "plaintiff [is not] to be denied such relief [reformation] merely because he failed to seek it expressly in his pleading as long as the issue of mutual mistake is raised by the pleading." 237 F.2d at 86.

Here the answer, together with the pre-trial statement, alerted the bank to all facts supporting the claim of mutual mistake, and the pre-trial order, which superseded the pleadings and defined the scope of the subsequent trial, was broad enough to encompass the issue.

The Scharffs' pre-trial statement set forth, as its primary contention, the defense first specified in their answer, that in signing the guaranties, they had relied on the bank official's representation that the guaranties would be limited to $2500. Their pre-trial statement set forth the following testimony from the bank official's deposition:

"Q. What representations, Mr. Salas, were made to the Scharffs regarding the extent of their liability upon this line of credit that was being established for the Williamses?

"A. Now, well—the agreement was that the Scharffs would not be liable for any amount over $2500.

"Q. I mean immediately prior to the signing of that continuing guarantee which you witnessed the signature. Was there any discussion between yourself and Mr. Scharff or Mrs. Scharff?

"A. The only point that we discussed is that they would be liable only to $2500. That's all.

"Q. And this discussion took place about the time of the signing of this continuing guarantee that you saw signed?

"A. That's right."

Thus, even though the technical words "mutual mistake" were not employed, the bank was clearly alerted to the underlying defense.

Further, the District Court's pre-trial order, to which the bank acquiesced, was broad enough to cover the issue. It recited that the "sole issue for consideration at trial is as to whether the written guarantee, as signed by the Scharffs, governs, or whether the Scharffs had been led to believe that the guarantee was for $2500." If this were a proper issue, and the parties agreed that it was, then we conclude that the issue of mutual mistake was properly before the District Court.

The court did receive evidence of the prior oral agreement, and such evidence was never stricken. According to the testimony of Mrs. Scharff, which was admitted over the bank's objections, Salas assured appellants that their liability on the guaranties would be limited to $2500. The bank did not object to the testimony of Salas, its own officer, and he corroborated Mrs. Scharff's account of the transaction. He testified that "it was [his] intention that the limit should only be for $2,500" and that he "advised the Scharffs" that their limit was $2500. The bank has never suggested that this account of the transaction was untrue. Instead, it has argued that its oral agreement was of no consequence since "in the absence of fraud, any agreements or representations are merged into the written guarantee." As previously noted, the court did not at any time strike the testimony pertaining to the representation upon which the appellants relied; nevertheless, one of the court's findings of fact, made in support

---

4. "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal." Cardozo, J., in Wood v. Lucy, Lady Duff–Gordon, 222 N.Y. 88, 118 N.E. 214 (1917).

of a judgment against the Scharffs in the full amount of the debt of the principal obligors, recites that "[s]uch evidence, however, is incompetent and inadmissible as contradicting the terms of the said guaranties, which are unlimited as to amount."

■ In the light of section 1640 of Guam's Civil Code and of the pre-trial order and the testimony of the bank official, received without objection, we conclude that the court should not have disregarded the uncontradicted evidence in question. The bank's attorney conceded, during the oral argument of this appeal, that it was not contended that the testimony of the bank official was untrue. The court commends this lawyer for the commendable candor and forthrightness which induced him to make this concession.

■ We do not imply that section 1640 of Guam's Civil Code authorizes, in all circumstances, the introduction of such parol evidence as that here in question. The evidence is controlling here because of the contents of the pre-trial order, the admission of the testimony of the bank official without objection, and the absence of either a motion or an order that the testimony be stricken. In this case, it would be manifestly unjust to permit the challenged judgment, in its entirety, to stand. That there was a mutual mistake in the execution of the written guaranty contracts was established beyond doubt.

The judgment is reversed. Upon remand, the District Court will amend the judgment so that the liability of the appellants Scharff will not exceed $2500, plus, of course, such appropriate interest and attorney's fees as the court shall deem allowable on that amount. Otherwise, the judgment is affirmed, the principal obligors not having pursued their appeal.

The appellants Scharff and the appellee bank shall bear the costs which they, respectively, have incurred in connection with this appeal.

Reversed and remanded in part, with directions.

CHAMBERS, Circuit Judge (dissenting):

The issues revolve around continuing guaranties signed by the Scharffs to assist Dora Williams and her husband, Richard R. Williams, get a loan or loans at the Bank of Hawaii in Guam. (Mrs. Williams is a sister of Mr. Scharff.) The Williamses later defaulted.

Unless there be some defense, the documents signed would clearly impale the Scharffs. But the answer of the Scharffs pleads deceit. It may be taken as a pleading of fraudulent representations by the bank as to the contents of the written documents. There is no basis in the pleadings or in the evidence received or tendered for mutual mistake and reformation.

I am confident Guam law would permit with parol evidence a defense, if proved, that one had been fraudulently misled as to the contents of a document that one signed. See Stock v. Meek, 35 Cal.2d 809, 221 P.2d 15 (1950). The elements of fraud in a defense of fraud are the same as in an action for fraud and the standard is strict. Clar v. Board of Trade, 164 Cal.App.2d 636, 331 P.2d 89; Maslow v. Maslow, 117 Cal.App. 2d 237, 255 P.2d 65.

However, we have underlying here a short pre-trial order that creates confusion. First, it says, "The sole issue for consideration at trial is as to whether the written guarantee [there were two] as signed by Scharffs governs, or whether the Scharffs had been led to believe [by whom?] that the guarantee was for $2500." A page later the order says, "The sole issue for trial will be the question as to the extent of guarantee." In my view, the trial court should be advised to get a better pre-trial order.

At the trial an ex-bank official turned real estate broker was permitted to tes-

tify that in signing the guaranties (in text unlimited) he assured the Scharffs that their liability would be $2500. (Query: Did he represent that the documents so provided?) The Scharffs confirmed his story. All such evidence came in over an overruled objection made at the outset. But, in closing argument to the court, it can be said counsel for the bank thoroughly made the point that such evidence was improper.

Then the findings and conclusion prepared by counsel for the bank (and approved by counsel for Scharffs as to form) say:

"14. Evidence was offered by defendants, Ferdinand E. Scharff and Isabel Q. Scharff to the effect that plaintiff's agent, G. Ricardo Salas (at the time guaranties attached to plaintiff's complaint were signed) stated to defendants, Ferdinand E. Scharff and Isabel Q. Scharff that their liability was limited to $2,500.00. Such evidence, however, is incompetent and inadmissible as contradicting the terms of the said guarantees, which are unlimited as to amount.

"15. No fraud, deceit or artifice was practiced upon defendants, Ferdinand E. Scharff and Isabel Q. Scharff by plaintiff, through its agent, G. Ricardo Salas, or otherwise."

Of course, the trial judge may not have believed the Scharffs and the ex-bank official (he surely did not have to do so), but in the frame of things as I find them, I cannot be sure, in view of Finding 14, what was meant by Finding 15.

I see no room for mutual mistake. In my view, whatever the bank and its officers did was no mistake of fact on its part. For mutual mistake, both parties must be mistaken. There is the factual question: Were the Scharffs deceived?

So I would if I could, order a new trial.