108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Weldon Eugene WIGGINS, II, Plaintiff-Appellant,
v.
James GOMEZ, Director of Corrections, Defendant,
and
Jerry Stainer, Warden Corcoran Prison; Classification
Committee Members, for Corcoran State Prison; Farris,
Associate Warden; Williams, Chief Deputy Warden; Moses,
Chief Deputy Warden; George Smith, Defendants-Appellees.
 No. 96-15428.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Weldon Eugene Wiggins, II, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that Corcoran state prison staff were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 4
 Wiggins contends that Corcoran prison staff failed to diagnose and treat his Bipolar Disorder and Intermittent Explosive Disorder, which were later diagnosed and treated at Pelican Bay State Prison. Because Wiggins did not show that Corcoran prison staff purposefully ignored or failed to respond to his mental health needs, Wiggins failed to show that the prison staff were deliberately indifferent to his mental health needs. See id. at 1060; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").
 
 
 5
 Wiggins's contention that the district court erred by failing to take judicial notice of Madrid v. Gomez, 889 F.Supp. 1146 (N.D.Cal.1995), a class action regarding conditions of confinement at Pelican Bay State Prison, is not grounds for reversal because Wiggins failed to show that the error was prejudicial. See Blas ex rel. Pablo v. Talabera, 318 F.2d 617, 619 (9th Cir.1963); see also Fed.R.Civ.P. 61.
 
 
 6
 Accordingly, the district court did not err by granting summary judgment for the defendants. See McGuckin, 974 F.2d at 1059.
 
 AFFIRMED.[1]
 
 
 *
 We unanimously find this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Wiggins's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wiggins's request to supplement the record in his notice, received November 6, 1996, is denied