**James HIMES, Mai, Plaintiff— Appellant,**

v.

**Thomas STEPHENS; et al., Defendants—Appellees.**

No. 06–15971.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2008.

Filed March 17, 2008.

Mariana Meter, Office of the Nevada Attorney General, David S. Lee, Esq., Lee & Russell, Las Vegas, NV, Teresa J. Thienhaus, Esq., Mariana Meter, Office of the Nevada Attorney Genera, Las Vegas, NV, Daniel Wong, Esq., Office of the Nevada Attorney General, Carson City, NV, Steven Guinn, Laxalt & Normura, Ltd., Reno, NV, for Defendants–Appellees.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

### MEMORANDUM *

We affirm the district court's dismissal of the claims under 42 U.S.C. § 1985, as James R. Himes does not challenge it on appeal.

■ Accrual of civil conspiracies for statute of limitations purposes is determined in accordance with the last overt act doctrine, under which "injury and damage in a civil conspiracy action flow from the overt acts, not from 'the mere continuance of a conspiracy.'" *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986) (internal brackets omitted). The limitation period for conspiracies in violation of § 1983 accrues "when a party knows or has reason to know of the injury which is the basis of the cause of action." *Kimes v.*

* This disposition is not appropriate for publication and is not precedent except as provided

*Stone,* 84 F.3d 1121, 1128 (9th Cir.1996) (internal quotation marks omitted). Taking the facts alleged in the First Amended Complaint (FAC) as true, Himes had no reason to know before February 8, 2003 that he might be injured by the Landmark complaint, as he fully expected at that time that the complaint, which had been stayed, would be dismissed. Because Himes did not have reason to know of the injury until September 2003, his claims relating to the Landmark complaint are timely. *See id.* We therefore reverse the district court's conclusion that Himes's claims regarding the Landmark complaint are time-barred.

■ Under Nevada law, "the doctrine of res judicata precludes parties or those in privity with them from relitigating a cause of action or an issue which has been finally determined by a court of competent jurisdiction." *Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d 865, 884 (9th Cir.2007) (internal quotation marks omitted). "In order for claim preclusion to apply under Nevada law, the two claims must be based on the same 'cause of action.'" *Id.* Because the claims in the administrative proceedings and the claims in the present case are not based on the same cause of action, the district court correctly concluded that "principles of res judicata do not prevent Himes from bringing § 1983 claims against the NDOT Defendants." The district court did err, however, in dismissing the NDOT Defendants on the ground that their Banter complaint had merit, as the Commission found Himes guilty of violations that were not presented in their complaint. We therefore reverse the district court's dismissal of the NDOT Defendants on res judicata grounds.

■ The district court erred in concluding that the NDOT Defendants are quali-

by 9th Cir. R. 36–3.

fiedly immune based on the reason that Himes "failed to state nonconclusory allegations of unlawful intent by the NDOT Defendants" because the FAC does assert specific factual allegations of intent to support Himes's claims. Taking the facts alleged in the FAC as true, Defendants' conduct arose merely because Himes appraised property that the NDOT sought to condemn and testified against the NDOT in condemnation proceedings. Because it was clearly established at the time Defendants acted that the First Amendment prohibits intentional actions that deter or chill protected speech, we conclude that the Defendants have not demonstrated that they are entitled to qualified immunity. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300–01 (9th Cir.1999); *cf. Hydrick v. Hunter,* 500 F.3d 978, 988–89 (9th Cir.2007).

█ Absolute immunity is extended to agency representatives performing functions analogous to those of a prosecutor. *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 923 (9th Cir.2004). Prosecutors are entitled to absolute immunity for conduct " 'intimately associated' with the judicial phase of the criminal process" and "for the decision to prosecute a particular case," but they are not absolutely immune for "administrative or investigative functions." *Botello v. Gammick,* 413 F.3d 971, 975–76 (9th Cir.2005). We affirm the district court's conclusion that Gina Session, Gail Anderson, and Brenda Kindred–Kipling are absolutely immune for their decision to prosecute the Landmark complaint and that Session is also immune for terminating settlement negotiations and meeting ex parte with the Commission President. *See id.; Olsen,* 363 F.3d at 923. The other conduct they are sued for is administrative and investigative and does not entitle them to absolute immunity. *See Botello,* 413 F.3d at 975–76. Similarly, Anthony Wren's and Matthew Lubawy's actions were investigatory and administrative, and none of their conduct is so "intimately associated" with the adjudicatory phase of the disciplinary proceedings as to entitle them to absolute immunity. *See id.* We therefore reverse the district court's conclusion that these Defendants are absolutely immune for their investigatory and administrative conduct. *See id.*

We reverse the district court's conclusion that William Kimmel is immune from suit "[b]ecause [Wren and Lubawy] are entitled to immunity," as we conclude that Wren and Lubawy are not themselves entitled to immunity.

█ Anderson and Kindred–Kipling are not entitled to discretionary immunity under Nev.Rev.Stat. § 41.032 because that statute is not applicable to federal claims and Himes asserts no state law claims in the FAC. *See Webb v. Sloan,* 330 F.3d 1158, 1167 (9th Cir.2003).

█ A " § 1983 claim can lie against a private party when ... he is a willful participant in joint action with the State or its agents." *Peng v. Penghu,* 335 F.3d 970, 980 (9th Cir.2003) (internal quotation marks omitted); *see also Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). Because the FAC alleges that Kimmel intentionally conspired with Defendants to violate Himes's constitutional rights, we reject Kimmel's argument that he is not a state actor for purposes of § 1983.

Himes moved the district court to take judicial notice of hundreds of pages attached to his motion. Even if the court abused its discretion in denying the motion, Himes fails to establish that he was prejudiced by the denial. We therefore affirm the district court's refusal to take judicial notice. *See Blas v. Talabera,* 318 F.2d 617, 619 (9th Cir.1963).

In conclusion, we affirm the district court's (1) dismissal of the § 1985 claims,

(2) conclusion that Session, Anderson, and Kindred–Kipling are absolutely immune for their prosecutorial functions, and (3) denial of Himes's motion for judicial notice. We reverse the district court on all other grounds and remand for further proceedings. Each party shall bear its own costs.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

* This disposition is not appropriate for publication and is not precedent except as provided