**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY BROD, individually and on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

SIOUX HONEY ASSOCIATION COOPERATIVE, an Iowa entity,

Defendant - Appellee.

No. 13-15584

D.C. No. 3:12-cv-01322-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted June 9, 2015
San Francisco, California

Before:    SCHROEDER, D.W. NELSON, and IKUTA, Circuit Judges.

Appellant Gregory Brod appeals the district court's dismissal of his claims as preempted by federal law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in finding federal law preempts California law to the extent California law prohibits de-pollinated honey from being labeled and sold as "honey." Brod claims Sioux Honey Association Cooperative ("Sioux Honey") violated California law by selling Sue Bee Clover Honey, which is de-pollinated, as "honey." *See* Cal. Food & Agric. Code §§ 29671, 29413(e) (West 2015). The Federal Food, Drug, and Cosmetic Act, as amended by the Nutrition Labeling and Education Act, preempts state food labeling laws that impose requirements that are "not identical" to federal labeling regulations. 21 U.S.C. § 343-1(a)(3). Because de-pollinated honey is not "a food for which a definition and standard of identity has been prescribed by regulations as provided by section 341" of title 21 of the United States Code, *see* 21 U.S.C. § 343(g), under federal law, de-pollinated honey must be labeled with the "common or usual name of the food, if any there be . . . ." 21 U.S.C. § 343(i).

The district court decided correctly that the "common or usual name" of de-pollinated honey is "honey." The district court considered properly dictionary definitions, state standards of identity, and voluntary United States Department of Agriculture regulations. Any error in declining to take judicial notice of a citizen petition requesting the Federal Drug Administration ("FDA") adopt the Codex Alimentarius Commission's standard of identity for honey was harmless. *See Blas*

*v. Talabera*, 318 F.2d 617, 619 (9th Cir. 1963).  In addition, we grant Sioux Honey's motion for judicial notice of an FDA letter to Representative Marcy Kaptur, which explains the FDA's position on de-pollinated honey, the denial of the citizen petition, and bolsters the district court's analysis.  Brod, however, has pointed to no source that suggests the "common or usual name" of de-pollinated honey is something other than "honey."

Thus, federal law requires de-pollinated honey be labeled and sold as "honey," while California law prohibits de-pollinated honey from being labeled and sold as "honey."  Given this conflict, the district court did not err in finding that California's law is preempted.  *See Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372–73 (2000).  In addition, as clarified at oral argument, there are no other issues before us.  Brod's Rule 28(j) letter filed after argument on June 10, 2015, does not persuade us that any other issues were raised sufficiently to the district court or briefed on appeal.

**AFFIRMED.**