NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARITIME DOCUMENTATION CENTER CORP., a Montana corporation, | No.   22-55696 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-00489-JWH-SP |
| v. | |
| UNITED STATES COAST GUARD, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted October 19, 2023
Pasadena, California

Before:  CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,[**] District
Judge.

Maritime Documentation Center Corp. ("Maritime") appeals the district

court's order granting summary judgment to the United States Coast Guard on

Maritime's claim for violation of the Freedom of Information Act ("FOIA"). We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In April 2020, Maritime submitted a FOIA request seeking personally identifiable information of owners of vessels documented with the Coast Guard. This information was contained in a data file called the Merchant Vessels of the United States ("MVUS"). In June 2020, the Coast Guard partially denied this request and released an Excel spreadsheet containing MVUS vessel information with the names and addresses of individual vessel owners redacted. To justify its redactions, the Coast Guard cited Exemption 6 to FOIA, 5 U.S.C. § 552(b)(6), the personal privacy exemption.[1] Maritime filed a complaint for declaratory and injunctive relief, alleging that the Coast Guard's redactions violated FOIA and that Exemption 6 does not apply. The district court disagreed and granted summary judgment to the Coast Guard on Maritime's FOIA claim. This appeal followed.

We review the district court's grant of summary judgment de novo, *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016) (en banc) (per curiam), and its evidentiary rulings for abuse of discretion, *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021).

1.      The district court correctly found that Exemption 6 permitted the

---

[1] The Coast Guard also cited Exemption 7(C) to FOIA, which applies to certain law enforcement records the disclosure of which would "constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Like the district court, we do not reach whether Exemption 7(C) applies in this case because we hold that Exemption 6 permitted the Coast Guard's redactions.

Coast Guard to withhold the names and addresses of individual vessel owners. Exemption 6 permits agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

The term "similar files" is interpreted broadly and includes "[g]overnment records containing information that applies to particular individuals." *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 728 F.2d 1270, 1273 (9th Cir. 1984). The information Maritime seeks easily satisfies this threshold test. *See Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1024 (9th Cir. 2008) (list of federal employees' "names and home addresses" satisfies test).

To determine whether a disclosure would "constitute a clearly unwarranted invasion of personal privacy," the court first requires the agency to show that "nontrivial or more than de minimis" personal privacy interests are at stake. *Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 637 (9th Cir. 2017) (cleaned up). If the agency so shows, the burden shifts to the requestor to "show that the public interest sought to be advanced is a significant one and that the information [sought] is likely to advance that interest." *Id.* (alteration in original).

Disclosing individual vessel owners' names and addresses implicates

3

"nontrivial" personal privacy interests.[2] Such disclosure would identify those owners and their addresses with particular vessels, exposing them to commercial solicitations related to their vessels. This is similar to the privacy interest we recognized in *Minnis v. United States Department of Agriculture*, 737 F.2d 784 (9th Cir. 1984), where we held that individual applicants for permits to travel the Rogue River had "more than a minimal privacy interest" in their names and addresses because disclosure would have revealed "their personal interests in water sports and the out-of-doors," subjecting them "to an unwanted barrage of mailings and personal solicitations." 737 F.2d at 787; *see also Forest Serv. Emps.*, 524 F.3d at 1026 ("We have previously construed [Exemption 6] to protect against the harassment associated with unwanted commercial solicitations.").[3]

Vessel owners' privacy interests are not diminished by the Coast Guard's policy prior to June 2017 of releasing personally identifiable information, or by its

---

[2] Disclosure would reveal individual vessel owners' home addresses where such addresses were used for registration purposes. The privacy of the home "is accorded special consideration in our Constitution, laws, and traditions." *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 501 (1994).

[3] Contrary to Maritime's contention, our decision in *Minnis* is not irreconcilable with *United States Department of Defense v. Federal Labor Relations Authority*, 510 U.S. 487 (1994). Although the Supreme Court in *Federal Labor Relations Authority* instructed that "whether an invasion of privacy is *warranted* cannot turn on the purposes for which the request for information is made," 510 U.S. at 496 (emphasis in original) (citation omitted), *Minnis*'s holding that the disclosure at issue implicated "more than a minimal privacy interest" is distinct from the inquiry into whether the resulting invasion of privacy would be "unwarranted," *see Minnis*, 737 F.2d at 786–87.

inadvertent release of such information in May 2021. As Maritime's counsel conceded at oral argument, the list it seeks undoubtedly contains updated names and addresses reflecting new registrations and transfers. Moreover, "FOIA does not impose a duty on the government to provide a satisfactory explanation" when it begins redacting personally identifiable information as part of a "change in its policy." *Cameranesi*, 856 F.3d at 645. The Coast Guard's disclosure to select entities such as Lloyds Register and EQUASIS also does not suggest that individual owners have no "nontrivial" privacy interest in the dissemination of their personally identifiable information to the general public. *See U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 764–65 (1989) (agency's dissemination to a limited "group or class of persons" was consistent with "the dictionary definition of privacy").

Against this privacy interest, Maritime has shown no significant public interest that would likely be advanced by disclosing individual vessel owners' personally identifiable information. *See Cameranesi*, 856 F.3d at 637. "[T]he *only* relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would she[d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Id.* at 639–40 (emphasis and second alteration in original). Disclosing individual vessel owners' names and addresses would not directly

reveal anything about the Coast Guard's "performance of its statutory duties" and Maritime's argument that ongoing FOIA requests followed by updated disclosures of personally identifiable information would reveal whether the Coast Guard is "timely" performing its duties or maintaining "accurate" vessel registration information is attenuated at best.

2. The district court did not commit reversible error in declining to take judicial notice of various records submitted by Maritime. Assuming *arguendo* the records were judicially noticeable, Maritime was not prejudiced. *See Blas v. Talabera*, 318 F.2d 617, 619 (9th Cir. 1963). First, the Coast Guard already conceded that it discloses vessel owners' personally identifiable information to select entities and, in the past, had disclosed such information publicly. Second, the report by the Government Accountability Office, which identified issues with processing delays and a lack of performance measures to assess accuracy for vessel documentation, does not support Maritime's argument that disclosing vessel owners' personally identifiable information would advance the public's interest in monitoring either the Coast Guard's timeliness or its accuracy.

3. Nor was the district court's reliance on the Declaration of Captain Jason Neubauer improper. Captain Neubauer adequately established his personal knowledge for purposes of Federal Rule of Civil Procedure 56(c)(4) by virtue of his position as the director of the office responsible for processing Maritime's

6

FOIA request and his review of pertinent records pursuant to his investigation. *See*

Fed. R. Civ. P. 56(c)(4); *In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000)

("Personal knowledge may be inferred from a declarant's position.").

**AFFIRMED.**